JAMES BROWN ET AL., Appellants, v. J. L. BROOKHART, Administrator of the Estate of JESSE BROWN, Deceased, and LAURA S. BROWN, Surviving Widow.

**Estates of decedents:** SALE OF REAL PROPERTY: WAIVER OF DOWER
1 RIGHTS. Where it is necessary to sell the entire real estate to pay the debts of a decedent, and the widow consents to a sale without admeasurement of her dower, she waives her dower right in the property in favor of her creditors; but where she is induced to consent to a sale for the payment of debts without admeasurement, through a reliance upon the assurance of the administrator that she will have her share out of the proceeds of the sale, such consent is not a waiver of her dower interest.

**Same:** COSTS OF ADMINISTRATION. Where a widow consents to the
2 sale of her husband's real estate to pay debts, in reliance upon the assurance of the administrator that she will receive her share from the proceeds of the sale, she is entitled to one-third of the gross receipts undiminished by the costs of administration; the remaining two-thirds of the estate being sufficient to satisfy the debts together with costs and expenses.

*Appeal from Washington District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, FEBRUARY 16, 1910.

APPEAL from the action of the probate court in approving the final report of defendant Brookhart, as administrator, and ordering payment to the widow of deceased of one-third the gross proceeds of his real property, ordered by the court to be sold for the payment of debts. The plaintiffs and appellants are the heirs of the deceased in-

terested in the distribution of the proceeds of the sale.—
*Affirmed.*

*Marsh W. Bailey,* for appellants.

*S. W. & J. L. Brookhart,* for appellees.

McCLAIN, J.—On the application of defendant Brook-
hart, as administrator of the estate of Jesse Brown, de-
ceased, the probate court directed the sale of his real es-
tate for the payment of his debts, the personal estate being
insufficient for that purpose. The widow, who was entitled
to a one-third interest in the real property as dower, free
from payment of debts, was notified of the application for
sale and was personally advised by the administrator that
she would get her one-third interest out of the proceeds
of the sale of the property, and she made no objection to
the sale. After the sale was made and approved, and the
proceeds were in the hands of the administrator, he re-
ported to the court that one-third of the gross proceeds of
such sale should be paid to the widow and that the debts
of decedent and the expenses of the sale, which expenses
included administrator's fees and attorney's fees, should be
deducted from the remaining two-thirds, and the balance
thereof distributed among the heirs. The court approved
this report, save as to an item of taxes about which no
question is now made, and the heirs appeal, contending,
first, that the widow, by taking no steps for admeasurement
of dower and consenting to the sale of the property for
debts, waived her dower right in such proceeds so far as
they were necessary for the payment of debts and expenses,
and second, that in any event, the widow should be charged
with her share of the expenses of the sale, including the
statutory compensation to the administrator and the at-
torney's fees.

I. If the entire proceeds of the real estate had been

necessary. for the payment of, debts, then the widow, consenting to the sale without admeasurement of her dower

**I. ESTATES OF DECEDENTS: sale of real property: waiver of dower rights.**

out of the real property, should properly be held to have waived her dower right in favor of the payment of debts by means of the sale of the property. *In re Pennock's Estate,* 122 Iowa, 622. The holding in that case is predicated on the thought that by failure to secure the admeasurement of her dower, and failing to object to the sale, the widow estopped herself from complaining of the application of the proceeds to the debts, which payment would necessarily exhaust the proceeds of the sale. But in this case the appellants do not contend that the widow has entirely waived her dower right, nor could they do so, for she was induced to consent to the sale by the assurance on the part of the administrator that she should have her share out of the proceeds. There was therefore no estoppel as between her and the administrator, and the only question is whether in view of her consent to the sale she is entitled to only one-third of the net proceeds after the payment of debts and expenses or whether the debts and expenses should be deducted from the two-thirds portion which is for distribution to heirs. The widow's dower interest is favored in law, and is not to be subjected to the payment of debts, unless by failure to have proper admeasurements or otherwise the widow estops herself from insisting upon this right. In view of the understanding between the widow and the administrator that she was to have her third out of the proceeds of the sale, and as this understanding can be carried out without depriving the heirs of any portion of the proceeds to which they are properly entitled, we hold that the court correctly directed one-third of the gross proceeds to be paid to the widow without deduction on account of debts of the deceased, or the ordinary and necessary expenses of administration.

II. The theory on which the appellants insist that

the fees of the administrator and the attorneys in connection with the sale, should be deducted *pro rata* from the widow's share is briefly that by consenting to the sale, as a means of securing her admeasurement of dower, the widow impliedly agreed that such expenses would be borne proportionately by her so far as she derived advantage therefrom. But the sale of the real property was not primarily for her benefit, but for the benefit of the estate. Had she insisted upon admeasurement before sale, she could have had one-third in value of the property set off to her without liability for any expense in doing so, save that of her own attorney's fees. The expenses of the sale, so far as the estate was concerned, would have been practically the same. The fees of the administrator computed on a percentage basis would not have been so large, but it is impracticable under the record to determine just what his fees would have been under such circumstances in view of the fact that it was discretionary with the court to make such allowance of fees as might be proper.

2. SAME:
costs of
administration.

We think that under the circumstances the heirs can not complain that the expenses of the sale and the administrator's fees are deducted from the share held for distribution to the heirs. As was said in *Wild v. Toms,* 123 Iowa, 747, a case similar to this, the widow should have her share taken out of the proceeds of the sale of the real property without any deduction for expenses. Counsel for appellants contends that this case is in conflict with that of *Pennock's Estate, supra,* but we find no inconsistency between them. In the *Pennock* case there was no question of apportionment of proceeds, while that was the very point involved in the case of *Wild v. Toms.* Following the latter case as to distribution of proceeds of sale where it becomes proper to pay to the widow a share of the amount realized from the sale of the real estate in which she has a dower interest, we are satisfied with the

finding of the lower court to the effect that such share should not be diminished by the deduction of any portion of the expenses of the sale. It is said in argument that in the case of *Wild v. Toms,* the widow was under disability, and therefore, could not consent to the sale, but we can not see how consent to the sale under the assurance that her share would be paid to her ought to subject the widow to any deduction on account of necessary expenses involved which are really for the benefit of the estate in the payment of debts and distribution of the property among the heirs. This conclusion finds support in *Swift v. Flynn,* 145 Iowa, 631.

The judgment of the trial court is *affirmed.*