## CUNNINGHAM v. GAMBLE.

1. **Homestead:** ELECTION: REASONABLE TIME. A surviving wife has a reasonable time in which to make her election whether she will retain the occupancy of the homestead, or claim her right to one-third of the entire real estate in fee-simple.

2. ———: PRODUCTS AND INCOME. The survivor, during the reasonable time that he or she may occupy the homestead prior to election, should be allowed to receive the profits and income, and be accorded the same fullness of enjoyment as after election.

3. ———: ———: RULE APPLIED. In this case it was held that the surviving wife was entitled to the rents of a coal-mine opened upon the homestead, and in a workable condition prior to her husband's death.

*Appeal from Marion Circuit Court.*

SATURDAY, OCTOBER 22.

ACTION for rent of a coal mine. The petition shows that the plaintiff is the widow of A. C. Cunningham, deceased, and as such she is in possession of the homestead; that her husband during his life time caused a coal mine to be opened upon the land, and furnished the same with necessary shafts, cars, and machinery; that afterwards he leased the same for a term of years to the defendant, at the stipulated rent of sixty-five cents for each hundred bushels of coal that should be dug, not including entry coal; and that there is due as rent the sum of $86.38.

The defendant, for answer, admits the lease as averred, the homestead character of the premises, the occupancy by plaintiff, and that he has dug 13,220 bushels of coal since A. C. Cunningham's death, but he avers that A. C. Cunningham died intestate, leaving as his only heirs the plaintiff and three children; that the plaintiff has made no election as between the right of occupancy of the homestead and the right of dower; that the amount due from him for coal is due to A. C. Cunningham's estate, and not solely to the plaintiff, by reason of her occupancy of the homestead where

the coal was dug, because without her election her occupancy is to be regarded as merely temporary, and in any event, she is entitled to nothing more than occupancy; and he avers that the coal is taken out through a single shaft, and without any interference with her occupancy.

The plaintiff demurred to the answer, and the demurrer was sustained. Judgment having been rendered for the plaintiff, the defendant appeals.

*James D. Gamble,* for appellant.

*Stone, Ayers & Co.,* for appellee.

ADAMS, CH. J.—It was held in *Butterfield v. Wicks,* 44 Iowa, 313, that the occupancy of the homestead may be re-

1. HOME-STEAD: election : reasonable time.

garded as an election to hold it as a homestead, and as a waiver of the right of one-third of the entire real estate in fee-simple, as a distributive share. While this ruling is doubtless correct, occupancy is not necessarily to be regarded as evidence of such election. If it were so, the survivor left in possession of the homestead, but desiring not to waive his or her right to the distributive share, would need to make an election to take such share instantaneously upon the death of the decedent. In our opinion, the law contemplates that the survivor shall have a reasonable time to make the election. The averment of the answer, therefore, that the plaintiff has made no election may be considered true, notwithstanding the answer admits the occupancy.

We have then to determine what are the rights of the survivor during the reasonable time allowed to make the election.

2. ——: products and income.

In our opinion, they differ in no respect from the rights of the survivor after election to hold the homestead, except in regard to the tenure by which the rights are enjoyed. There must, we think, be accorded the same fulness of enjoyment before as afterward. Any other rule would give the survivor the right to but a partial enjoyment, while

others would have a right to a partial enjoyment also.   And
we cannot think that the law contemplates such a division.
The right of others being subject to be terminated at any time
by the election of the survivor to hold the homestead, would
be of no especial value.   We think that the survivor, during
the reasonable time that he or she may occupy the homestead
prior to election should be allowed to receive the products and
income generally.   It is true that if the survivor is allowed to
receive the products and income of the homestead before elec-
tion, and then elect to take his or her distributive share, he or
she might gain something by deferring the election.   But
no great abuse of this kind could be practiced.   Any unreas-
onable deferment would be held to evince an election to hold
the homestead and to waive all right to a distributive share

Having reached the conclusion that the survivor's mode and
extent of enjoyment prior to election are the same as after
election to hold the homestead, we come to in
quire what is the extent of the survivor's enjoy-
ment of the homestead after election to hold.

3. ——: ——: rule applied.

The language of the statute is that "the survivor may con-
tinue to possess and occupy the whole homestead."   A like
statute was construed in *Floyd v. Mozier*, 1 Iowa, 513, as giv-
ing the surviving widow the same rights to the rents and profits
of the homestead as the husband had when living.   She was held
to be "the owner during life of such homestead," and entitled to
the rents and profits, " to use as the head of the family."   It was
also held that while the children, if there are any, may have cer-
tain interest in the rents, it is not a direct, certain, and legal
interest, and she alone can maintain an action for the rents.

Whether she alone could execute such lease of the premises
as would give the lessee a right to open and work a new mine
we need not determine.   The mine in question was already
opened, and was so furnished as to be in a workable condi-
tion at the time of the plaintiff's husband's death.   That
the plaintiff occupying as surviving widow may take the rents

of such a mine for family support, we have no doubt. Her right certainly could not be deemed less than those of a tenant for life. That such a tenant is entitled to the rents and profits of an opened mine has been repeatedly held. *Billings v. Taylor*, 10 Pick, 460; *Moore v. Rollins*, 45 Me., 493; *Coats v. Cheever*, 1 Cow, 460; *Hoby v. Hoby*, 1 Vern., 218; *Stoughton v. Leigh*, 1 Faust, 402. The objection that the working of such a mine is a partial destruction of the inheritance is not deemed valid. On the other hand the working of such a mine is considered a mere mode of enjoyment of the premises.

The defendant cites *C. & S. W. R. R. Co. v. Swing*, 38 Iowa, 182; and *Harkness v. Burton*, 39 Iowa, 101, but in our opinion those cases are not applicable.

We think that the court did not err in sustaining the demurrer to the answer, and the judgment must be

AFFIRMED.