SARAH VORIS, Executrix, et al., Appellants, v. E. J. WEST et al., Appellees.

HOMESTEAD: Rights of Heirs—Liability of Homestead for Antecedent Debts of Issue. Homestead property passing to children of a deceased owner is *not* exempt from the debts of such children:

    (a) If the property passes by *devise*, or
    (b) If the property passes by *descent* and a spouse *survives* the owner. Section 2985, Code, 1897.

    WEAVER, J., dissents as to Holding (b).

*Appeal from Clarke District Court.*—H. K. EVANS, Judge.

TUESDAY, MAY 22, 1917.

CONTROVERSY to determine whether certain land, claimed to be a homestead, is exempt from the debts of an heir. Decree for the defendants in the district court, holding the property liable for the payment of the debts. Plaintiffs appeal.—*Affirmed.*

*W. B. Tallman* and *Temple & Temple,* for appellants.

*O. M. Slaymaker,* for appellees.

GAYNOR, C. J.—On the 4th day of April,
1913, Samuel Walker departed this life,
testate. His will provided:

HOMESTEAD:
rights of heirs;
liability of
homestead for
antecedent
debts of issue.

1st. For the payment of his debts.

2d. "I bequeath to my wife, Elizabeth Adaline Walker, all my property, both real and personal, for her sole use and benefit during her lifetime."

3d. "I direct that the remainder of my estate be divided, share and share alike, between my six children, James H. Walker, Sarah C. Walker, Samantha A. Hines, Ola Powell, Clara J. Black and John S. Walker."

4th. Nominates an executor.

This will was duly admitted to probate. Upon the probate of the will, the widow elected to take her distributive share in the real estate, and renounced any rights under the will. Among the property devised was the homestead of Samuel Walker. The controversy here arises over the disposition of the proceeds of the homestead.

The plaintiffs claim through a deed from Ola Powell of her interest in the entire estate. The defendants are creditors of Ola Powell's. Their judgments were obtained before the conveyance to the plaintiffs, and it is claimed that these judgments attached as liens to the interest of Ola Powell in the estate, prior to any claim asserted by these plaintiffs.

It is contended by the plaintiffs, however, that, so far as the homestead is concerned, Ola Powell took her share free of any of her antecedent debts; that, therefore, these judgments did not attach to her interest in the homestead, and her conveyance to the plaintiffs must prevail, so far as the proceeds of the homestead are concerned. It is contended, however, by the defendants that her interest passed to her under the will, and that she therefore cannot invoke the statutory exemptions. The plaintiffs' reply to this is that she takes the same as she would have taken had no will

been made, and, therefore, the will is inoperative, and she must be held to have taken under the statute, and so taken under the provisions of the statute, Section 2985 of the Code of 1897, the property is exempt from her antecedent debts.

It has been held by this court that, if one takes a homestead under a will, he takes it as a purchaser, and is not entitled to the exemption given to the issue as provided in the statute. See *Rice v. Burkhart,* 130 Iowa 520. So it may be conceded that, if Ola Powell took under the will, the homestead was subject to her antecedent debts and to the claims of these defendants in their judgments. The contention, however, is that the will does not change her rights; that the will gives her just what the statute would give her, and, the statutory right being the greater right, she must be held to have taken under the statute.

Now we will not stop to discuss whether she took under the will or under the statute. It is conceded that, if she took under the will, her share in the homestead is subject to these judgments. It is contended that, if she took under the statute, it is not subject to these judgments. If the statute does not give her an exemption; therefore, from these judgments, the plaintiffs' complaint of the ruling of the court is not well founded. The court found her interest in the homestead subject to these judgments. It is from this finding that the case comes to us.

Conceding, however, that she took under the statute and not under the will, are the plaintiffs entitled to have this case reversed? Even conceding that she took under the statute, is the property exempt from her antecedent debts? This question we proceed to determine. It is decisive of the case. The question has never been squarely presented and decided by this court. The last expression of this court in this connection is found in *Ringland v. Johnson,* 177 Iowa 214. It will be noted that in that case

there was no surviving spouse, and the question here under discussion was not involved. Here, there is a surviving spouse, in whom the homestead right was invested, and in whom it was continued after the death of the owner. Section 2985 of the Code of 1897 reads as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated. The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; *but if there be no survivor*, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition."

This section gives to the surviving spouse of the owner the passive right to continue the possession and occupancy of the homestead. This is a recognition of the right acquired and existing at the time of the death of the owner. It was the homestead of the husband and wife. The right to possess and occupy it existed then. Upon the happening of the death of either, the other may continue to possess and occupy; may continue to enjoy the same right in the property, so far as possession and occupancy are concerned, and the same right of exemption, as existed at the time of the death. To enjoy this requires no affirmative action, no change in the relationship to the homestead. The statute continues the same right after the death that existed before the death.

This section gives also another right—the right to elect to retain the homestead and use and occupy the same,

after the death of the owner, until the death of the surviving spouse. The exercise of this right requires a corresponding release of another right given by the statute, to wit. the right to a distributive share in the property.

The first right—the passive right, the right to continue and occupy,—has its limitations, and ceases when the property is otherwise disposed of according to law; and it is so disposed of when the survivor elects to take a distributive share in the entire property of the deceased spouse. On such election, the right to continue in the occupancy of the homestead ceases.

The second right—the right to elect to occupy the homestead for life in lieu of dower—requires affirmative action, a choice between that and the distributive share given by statute.

She cannot take both. The taking of one involves a surrender of the other. It involves action to which the heirs are in no way parties, and action over which they have no control. The right of homestead in property is independent of title. The homestead right comes into existence when the property is occupied as a homestead, and exists in favor of either spouse whether owner or not, and, though the owner die, the surviving spouse still retains this statutory right of homestead in the property, a right which she may continue or not, at her election. But the right remains in the survivor even after the death of the owner, and may continue up to the time of the death of the last survivor of the homestead right, if she so elects.

Upon the death of the owner, the title passes to his heirs, subject, however, to the right of the surviving spouse to continue the homestead character, and, with the continuance, the right to enjoy and occupy the same during her life, if she so elects. The right at least continues in her until she abandons it by her own voluntary election to take something else in lieu thereof. Immediately upon the death

of the owner of *property* to which a homestead right has at-
tached, the *property* passes to his issue, free from any debts
of the *owner*, contracted since the homestead character at-
tached. This not only because of the statute under consid-
eration, but because of the provisions of Section 2972, Code,
1897, exempting homesteads from judicial sale.

Up to this point, we have assumed that there is a sur-
viving spouse. The statute contemplates a condition in
which the homestead right exists in favor of the surviving
spouse after the death of the owner. The right of home-
stead having attached, it is continued in favor of the sur-
vivor, and she may make her passive or active election to
retain it, as hereinbefore indicated. In the event, however,
that there is no surviving spouse to exercise this passive or
active right, then, upon the death of the owner, that which,
under the law, constituted his homestead at the time of his
death, descends, according to the rules of descent, to the
issue of the owner. There being no surviving spouse, the
title passes, and with it the incident of homestead, the right
to hold it exempt from antecedent debts of the ancestor,
with the added right to hold it exempt from the antecedent
debts of the issue. The homestead character antedates the
death of the owner, and, where there is a surviving spouse,
is continued in her favor, with the right of election, as
hereinbefore indicated. This right of homestead may be
abandoned or may be preserved, at her election. If there
be a surviving spouse, the homestead right does not pass to
the heirs, the issue of the owner, but is continued in the
surviving spouse, on the theory that the homestead right,
having become vested in this surviving spouse during the
life of the owner, is continued in her favor after his death,
with a right of occupancy, and with a right to retain it in
lieu of her distributive share. This is a personal right pre-
served to the survivor.

"The homestead passed to the widow, and she was en-

titled to use and occupy the same at least for one year." *In re Estate of Ring,* 132 Iowa 216, 222.

It is preserved to her by the statute, under certain conditions:

1st. To continue to occupy it as a homestead until otherwise disposed of according to law.

2d. The right to take it for life, in lieu of her distributive share.

These two are personal to the widow, and she may exercise or reject, as she sees fit. The statute clearly differentiates between the two situations: one, in which there is a surviving spouse in whose favor the homestead right is preserved after the death of the owner; and the other, where there is no surviving spouse, and the homestead right passes directly to the heirs with the title; and it is only in the event that there is no surviving spouse that the issue takes the homestead free from the antecedent debts of the issue. The homestead right passes to her, and with it the right to continue to possess and occupy the whole homestead until otherwise disposed of, according to law. The setting off of the distributive share to the wife is such a disposition. Upon the death of the owner, the homestead right passes to the surviving spouse, with a right to retain it for life in lieu of her share in the real estate of the decedent. The statute then proceeds to say that, *if there be no survivor,* the homestead descends to the issue of the owner, to be held by such issue exempt from their own antecedent debts, and the only provision of the statute exempting it from the antecedent debts of the issue is in the event that there is no surviving spouse of the owner. Then the title to the property, with its incident of exemption founded upon the homestead character of the property, passes directly to the heirs with the incident of exemption attached.

This statute had its foundation, no doubt, in reason, and the thought that lay back of it was that, in the event

that both parents were dead, the children would succeed to
the homestead property, with all the exemptions that at-
tached to it during the life of the parents, with the added
exemption from the debts of the children. The thought
was to preserve the homestead for the children in the event
both parents were dead; that the old home should be pre-
served to them, under such conditions, the same as it was
in the hands of the parents, but only in the event that there
was no surviving spouse, to wit, no guardian and protector
of the home.

All exemptions are statutory, and, while it is true that
an exemption grant will be liberally construed to effectuate
the purpose of the grant, yet we must find the grant in the
statute, or no exemption can exist; and it is not for this
court to say that the legislature intended a larger grant
of exemptions than is given by the plain wording of the
statute. In the case under consideration, there was a sur-
viving spouse—a spouse in whom the homestead right was
vested and continued after the death of the owner. True
that, thereafter, she elected not to avail herself of these
homestead rights, but to take her distributive share under
the law. But the fact still remains that there was a surviv-
ing spouse, in whom the homestead right was vested and
continued after the death of the owner; and, therefore, un-
der the plain provisions of the statute, whatever title the
heirs took in this property did not include the homestead
right with exemption from their antecedent debts. It is
true that this exemption is not founded upon any homestead
right in the issue, but is founded upon the homestead right
in the ancestor. It is, however, the homestead right that
gives the exemption, whether in the ancestor or in the issue.
Therefore, the homestead right comes from the ancestor.
The homestead right must have passed to the issue upon
the death of the ancestor, in order to justify the invoking
of this statute. There cannot be two homesteads in the

same property. If the homestead right remained in the surviving spouse, it did not pass to the issue. If there was no surviving spouse, it did pass to the issue with the property, and then, for the first time, the right to invoke the exemption provided in this statute arose in favor of the issue.

In *Johnson v. Gaylord,* 41 Iowa 362, 366, the matter here under consideration was considered from one angle. The statutes then provided:

"Upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." Sec. 2295, Revision of 1860.

"If there is no such survivor, the homestead descends to the issue of either husband or wife according to the general rules of descent * * * to be held by such issue exempt from any antecedent debts of their parents or their own." Sec. 2296, Revision of 1860.

This court said:

"Now *if there be no survivor* to claim the homestead, the heir takes it free from the debts of the *deceased owner.* In such a case there is no homestead right existing, on account of the prior death of both the husband and wife. The law contemplates that, upon the termination of the homestead right *in such a manner,* the heir takes the property free from the debts of his ancestor. Now it is not provided that, upon the termination of the homestead right in another way, by abandonment, it is held subject to the debts;" and then proceeds to say that the statute contemplates that, when it comes into the hands of the heirs, it should be free from debts, and that this intention is clearly expressed in Section 2277, Revision of 1860, which reads:

"Where there is no special declaration of the statute to the contrary, the homestead of every head of a family is exempt from judicial sale."

And Section 2297 of the statute, as then written, provided that, if there is no survivor or issue, the homestead is liable to be sold for the payment of any debts to which it might, at that time, be subjected if it had never been held as a homestead; then proceeds to deal with—and the case simply deals with—the right to subject the land to the payment of the antecedent debts of the ancestor.

The facts of this case did not call upon the court for a discussion of the matter here under consideration, and wherever it speaks in that case of debts, it refers clearly to the debts of the ancestor, and not to the debts of the issue. Prior cases are considered and discussed in that opinion. We will not take the time to review them here.

This is also true of *Jamison v. Crocker,* 148 Iowa 104. In the *Johnson* case, the right to subject the homestead to the debts of the heir was not before the court. It is assumed, but not argued or determined, because not involved, that the property would not be subject to the antecedent debts of the heir.

In *Rice v. Burkhart,* 130 Iowa 520, there was no surviving spouse, and the opinion must be read with this thought in mind; and, though the court says in that case that, in the absence of a will directing differently, the property should pass to the owner's issue according to the rules of descent, and be held by such issue exempt from prior debts, the language was used with reference to the fact that there was no surviving spouse.

In *Nicholas v. Purczell,* 21 Iowa 265, the action involved the partition of real estate. The plaintiffs were the brothers of the owner, and his only heirs at law. The defendant was his widow, and the other defendant was her second husband. The action involved 40 acres of land, and constituted the homestead of herself and her first husband, John Nicholas, at the time of his death. It was held that, notwithstanding her second marriage, she, as the widow of

the original owner, had a right to continue to occupy it during her life, if she elected to do so, and that it was not subject to partition on request of the heirs. This emphasizes the fact heretofore adverted to, that the homestead right passed to the survivor; that it was an independent statutory right, growing out of the relationship sustained by her to the deceased owner.

In *Cotton v. Wood,* 25 Iowa 43, the only portion of the opinion that touches the matter here in controversy is found in the fifth division. In that case, all that was decided that touches the matter here is that, upon the death of the owner, the homestead descends to his heirs, subject to the right of occupancy as a homestead in the survivor.

In *First National Bank v. Willie,* 115 Iowa 77, the controversy involved the question as to whether the defendant took the property sought to be subjected, under a will of the owner, or as heir. The will in that case made no specific provisions as to the disposition of the homestead, but directed, in general terms, that the widow should have for her use and support, during her natural life, all the testator's property, and that the executor should dispose of it and apply the proceeds thereof to the maintenance of the wife; and further provided that, after the death of the wife, the executor should divide the same, share and share alike, equally among the three children. The court said:

·· "These provisions clearly negative any idea that a share in the homestead, as such, is to pass to defendant. And it is immaterial that in fact the estate in the hands of the executor consists entirely of the proceeds of the homestead. The case is plainly not one for the application of the statutory provision exempting the homestead in the hands of the issue from their debts."

This holding could rest on two theories: One, that the party took under the will, and, therefore, could not invoke the statute; second, that the will expressly reserved the

homestead to the wife during her life, and, therefore, the homestead, as such, did not pass to the heir with its intended exemptions.   Under this construction of the statute, it follows logically that Ola did not take her interest in the homestead property exempt from antecedent debts.   It never was her homestead.   Therefore, whatever right to exemption she had must be found in this statute, Section 2985 of the Code of 1897, hereinbefore set out; and, as it appears she does not come within the protection of that statute, the court was right in holding that her interest was subject to be taken under the judgments in question.

The case is, therefore,—*Affirmed.*

LADD, PRESTON and STEVENS, JJ., concur.

WEAVER, J., dissents.