MARCIA J. WADLE, Appellant, v. BOSTON MARKET COMPANY, Appellee.

**HOMESTEAD:** Surviving Spouse—Judgment Lien During "Passive Possession." A surviving spouse who continues to occupy the homestead after the death of the deceased spouse may, prior to doing any act which would constitute a final election between distributive share and life occupancy of the homestead, sell his or her interest in the said homestead, free from the lien of judgments against said surviving spouse.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JANUARY 16, 1923.

ACTION in equity, to quiet title to certain real estate. Plaintiff's petition was dismissed, and plaintiff appeals. The facts appear in the opinion.—*Reversed.*

*Jensen & Connolly,* for appellant.

*Brammer, Lehmann, Seevers & Hurlburt,* for appellee.

FAVILLE, J.—On or about the 16th day of September, 1915, the appellee obtained a judgment in the district court of Polk County, Iowa, against one Fred J. Meyers. Subsequent to the rendition of said judgment, the said Meyers married a widow named Nancy J. Swan, who at said time was the owner of the real estate involved in this action, and who occupied the same as her homestead. After the marriage of said parties, the husband took up his home with his wife, and they continued to occupy the same as a homestead until the death of the wife, on

or about March 8, 1916. The wife died intestate, and left no other property. Meyers continued to occupy the homestead after the death of his wife, and on or about March 28, 1916, by quitclaim deed he conveyed all his right, title, and interest in said property to his wife's three adult children, and shortly thereafter surrendered possession. The grantees in said deed subsequently conveyed said real estate to the appellant. The question in the case is whether or not the appellee's judgment against Meyers became a lien upon his interest in said described real estate.

Under our general statute of descent, Code Section 3366, one third in value of all the legal or equitable estates in real property possessed by a wife at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the husband has made no relinquishment of his right, shall be set aside as his property in fee simple if he survive her.

Code Section 3367 provides that the distributive share of the survivor shall be set off so as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to the surviving spouse, unless such surviving spouse prefers a different arrangement.

Under Code Section 2972, the homestead of every family, whether owned by the husband or the wife, is exempt from judicial sale.

Code Section 2973 provides that a widow or widower, even though without children, shall be deemed a family, within the meaning of the chapter on homesteads, while continuing to occupy the real estate used as a homestead at the death of the husband or wife, and such right shall continue to the party to whom it is adjudged in a decree of divorce, during continued personal occupancy.

Code Section 2985 is in part as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated. The survivor may elect to retain

the homestead for life in lieu of such share in the real estate of the deceased.''

Under the statute of descent, and under Section 2985 of the Code, three rights exist to a surviving spouse. One is the right to a distributive share.

Code Section 2985 also gives to the surviving spouse a right to continue the possession and occupancy of the homestead. This has been called a ''passive right.''

Code Section 2985 also gives another right—the right to elect to retain the homestead and use and occupy the same for life. In *Voris v. West,* 180 Iowa 138, we said:

''This section [2985] gives to the surviving spouse of the owner the passive right to continue the possession and occupancy of the homestead. This is a recognition of the right acquired and existing at the time of the death of the owner. It was the homestead of the husband and wife. The right to possess and occupy it existed then. Upon the happening of the death of either, the other may continue to possess and occupy; may continue to enjoy the same right in the property, so far as possession and occupancy are concerned, and the same right of exemption, as existed at the time of the death. To enjoy this requires no affirmative action, no change in the relationship to the homestead. The statute continues the same right after the death that existed before the death. This section gives also another right—the right to elect to retain the homestead and use and occupy the same, after the death of the owner, until the death of the surviving spouse. The exercise of this right requires a corresponding release of another right given by the statute, to wit, the right to a distributive share in the property. The first right—the passive right, the right to continue and occupy—has its limitations, and ceases when the property is otherwise disposed of according to law; and it is so disposed of when the survivor elects to take a distributive share in the entire property of the deceased spouse. On such election, the right to continue in the occupancy of the homestead ceases. The second right—the right to elect to occupy the homestead for life in lieu of dower—requires affirmative action, a choice between that and the distributive share given by statute.''

In *Coleman v. Bosworth,* 180 Iowa 975, we reviewed our previous holdings at considerable length, and said:

"The primary right of the survivor is to take a distributive share in the estate of a deceased spouse, and such survivor has the right to have the same set off so as to include the ordinary dwelling given by law to the homestead, or such survivor may, in lieu thereof, continue to occupy the *whole* homestead; but the election to occupy the whole homestead defeats the right of the survivor to take a distributive share. Section 2985 gives the survivor the right to 'continue to possess and occupy the *whole* homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated.' That is, unless it is otherwise disposed of, the survivor may continue in the occupancy of the homestead, while at the same time retaining the primary right."

The right to the distributive share is frequently referred to as the "primary right." *Egbert v. Egbert,* 85 Iowa 525; *In re Estate of Lund,* 107 Iowa 264; *McDonald v. Young,* 109 Iowa 704; *Robson v. Lambertson,* 115 Iowa 366; *Bosworth v. Blaine,* 170 Iowa 296.

The right to retain the homestead for life ultimately requires an affirmative action—a choice between that right and the distributive share. *Voris v. West,* supra.

But the right of the surviving spouse to continue the possession and occupancy of the homestead after the death of either husband or wife is, under Code Section 2985, a "homestead right," and the right of exemption therein is the same as existed at the time of the death of the decedent. This is our express declaration in *Voris v. West,* supra.

The evident purpose of the legislature in enacting this statute was to provide that the surviving spouse should have a right to continue the occupancy of the whole homestead, free from disturbance by judicial sale or otherwise, until either the distributive share or the occupancy of the homestead for life had been determined upon by the survivor. During such occupancy, which may be more or less temporary in character, the homestead is not subject to judicial sale for the debts of the sur-

viving spouse, nor can judgments against such spouse attach as liens thereon.

The property in question was a homestead at the time of the death of the wife. It continued as a homestead thereafter while occupied as such by the surviving spouse, until otherwise disposed of according to law. During such occupancy and until so disposed of, it was exempt.

It frequently happens that the heirs of a decedent do not insist upon a settlement and division of an estate for some considerable time after the death of the decedent, and that, during such period of time, the surviving spouse continues in possession of the homestead. During said time, a judgment creditor cannot levy upon the homestead and dispossess the surviving spouse. This would be violative of the very terms and provisions of the statute.

Under other sections of the statute, the homestead of the decedent, in the absence of a survivor, passed to decedent's heirs, free from decedent's debts and free from the debts of the heirs themselves; so jealously has the statute guarded and perpetuated the right of the homestead against the claims of mere creditors. Section 2985 is a part of the same solicitude, and is a manifest attempt to protect the survivor against encroachment upon his homestead rights temporarily, and until it be otherwise disposed of, either by a setting apart of his distributive share, or perhaps by his election to occupy the homestead for life.

It is well settled that any party may sell his homestead, free from any lien of any outstanding judgments against him. Where the homestead character is maintained to the time of transfer of the property, it is not lost so that liens attach because of the act of transfer. The appellee had no lien on the homestead while it was occupied by Meyers as surviving spouse. The lien of appellee's judgment did not attach the instant of the transfer, and by virtue thereof. Meyers conveyed by quitclaim deed, which contained the recital that the property conveyed was "the homestead of my deceased wife, Nancy Swan Meyers, and myself." Meyers was continuing in possession of the homestead after the death of his wife, and asserting his homestead rights therein at the very instant of executing the quitclaim deed.

Appellee's judgment never attached as a lien against the premises in question. The lower court should have entered a decree quieting title to the premises in appellant.

The decree appealed from is reversed, and the cause remanded for decree in accordance with this opinion.—*Reversed and remanded.*

All the justices concur.