MYRTLE MCMINIMEE, Appellee, v. WALDO MCMINIMEE et al.,
Appellants.

No. 47300.

(Reported in 33 N. W. 2d 495)

AUGUST 2, 1948.

REHEARING DENIED SEPTEMBER 24, 1948.

L. V. Gilchrist, of Denison, for appellants.

Floyd E. Page, of Denison, for appellee.

WENNERSTRUM, J.—A prior appeal involving an earlier
phase of litigation between the parties in the present appeal
has received the consideration of this court. McMinimee v.
McMinimee, 238 Iowa 1286, 30 N. W. 2d 106. In that opinion

we held that the plaintiff, the appellee in this present appeal, as widow of A. C. McMinimee, was entitled "to possess and occupy the homestead" under section 561.11, 1946 Code, until it was "otherwise disposed of according to law." The original decree, which had awarded her a life estate, was ordered modified in that respect and as so modified was to stand affirmed.

The facts upon which that decision was based are sufficiently stated therein. Because our decision in this case is largely dependent upon the same evidence as therein disclosed we do not deem it necessary to again set it out. Our opinion in the former case remanded the cause for the purpose of enabling the trial court to determine what was exempt property and to modify the decree in accordance with our holding.

However, after the procedendo from this court was filed in the district court, the defendants, who were the appellants on the first appeal, as they are in this one, filed an amendment to their original answer and cross-petition and alleged the sole right of Myrtle McMinimee, the plaintiff-appellee in the present action, was the use and occupancy of the home under the provisions of section 561.11 of the 1946 Code of Iowa and that her right to said real estate had been adjudicated by this court to arise only under provisions of this last-referred-to statute. It is further alleged that the final report of the estate of A. C. McMinimee had been approved and his estate closed on December 14, 1946; that Myrtle McMinimee had no right to occupy and no right to retain the homestead for life in lieu of dower or distributive share under the provisions of section 561.12 of the 1946 Code of Iowa; that twelve months had elapsed since the estate had been fully administered and closed and that over thirty days had elapsed since the right to the life use of the home property had been adjudicated against her by the opinion of this court. It is further alleged that the wife had no right to longer remain in use of said property or to longer occupy said premises. In subsequent divisions of their answer and by way of cross-petition the appellants stated that they are the owners in fee simple of the property in question; that they are the sole heirs at law of A. C. McMinimee; that under the antenuptial contract which was evidenced by the written agree-

ment confirming same the appellee wife acquired neither the right of dower nor the distributive share of decedent's estate and that her only right in the homestead was a temporary one to continue to possess and occupy it under the provisions of section 561.11 of the 1946 Code. In this division of the cross-petition the appellants asked that title to the property be quieted in them and that a writ of possession be issued. As a further division and as a part of the cross-petition it is alleged that the premises had been occupied by Myrtle McMinimee for a period of approximately twelve months and that the reasonable value of the use and occupancy of said premises during such period of time was the sum of $600. The defendants-appellants prayed that a decree be entered in their favor for said sum. Subsequent to the filing of this amendment to answer and the cross-petition the plaintiff-appellee in this action filed a reply to amendment to answer and also answer to cross-petition. Thereafter, upon the pleadings submitted in this subsequent proceeding, evidence was presented upon a trial of the issues. The trial court filed a written opinion wherein was set out the findings, rulings, and orders of the court. In said opinion that court stated:

"As to the homestead the questions to be solved are: 1. Has the widow's right to possess and occupy the homestead terminated? 2. If such right has terminated, when did it do so?"

The trial court held that the right of the surviving widow under section 561.11 continues until the homestead "is otherwise disposed of according to law." It held that there had not been any such disposal because nothing had happened to the homestead property or to its occupancy since the death of its original owner. The trial court further held and determined that Myrtle McMinimee, the appellee in this present action, had a widow's right to occupy the homestead which had not been terminated and that it should be secure to her until such right was terminated as contemplated by Code section 561.11. That court also made certain findings in connection with the claimed exempt property. Thereafter the defendants appealed from the ruling of the trial court holding that plaintiff was entitled to

the right to occupy the homestead property and that said right had not been lost to her.

I.    Section 561.11, Code of 1946, is as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated."

In our prior opinion in 238 Iowa 1286, 1298, 30 N. W. 2d 106, 112, we commented as to the meaning of the phrase "until it is otherwise disposed of according to law." It was there stated that the right of occupancy might be terminated by abandonment or by the death of a survivor. In Fore v. Fore, 2 N. D. 260, 50 N. W. 712, which was referred to in our prior opinion, it was therein stated that the homestead character of the property might be lost by reason of a prior mortgage upon the homestead property, or through the nonpayment of taxes, or that it might be liable for a mechanic's lien. In Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 P. 513, the Oklahoma court stated:

"The phrase 'until it is otherwise disposed of according to law' in section 6328, Rev. Laws 1910, means: 'It may be sold for taxes, or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price, or any part thereof, or the enforcement of mechanic's lien.' "

We hold that under the record submitted in this present appeal there has not been such a disposition of the homestead right of the widow as is contemplated by section 561.11, 1946 Code.

II.    It has been suggested that the closing of the A. C. McMinimee estate resulted in the termination of any title interest which the widow had in the homestead property. As suggested in our prior opinion the title to the property is not involved, the issue being, the right to occupy the homestead until "it is otherwise disposed of according to law." We do

not deem it necessary or advisable to again comment upon the cases referred to in our prior opinion and from which cases excerpts are there quoted. However, see Mahaffy v. Mahaffy, 63 Iowa 55, 63, 64, 18 N. W. 685, 689; also Fraizer v. Fraizer, 201 Iowa 1311, 207 N. W. 772.

We do not feel obligated to rule upon the question raised by appellee that the issues here submitted are res judicata by virtue of our prior opinion. Suffice it to say, however, that under the definitions herein set forth there has been no disposition of the homestead rights of the widow "according to law." By virtue of our holding herein we do not deem it necessary to consider the motion to dismiss as filed by appellee and which has been ordered submitted with the case. We find no merit in the appellants' contention as presented in this appeal and therefore affirm.—Affirmed.

SMITH, C. J., and OLIVER, HALE, MANTZ, and MULRONEY, JJ., concur.

HAYS, BLISS, and GARFIELD, JJ., dissent.

HAYS, J. (dissenting)—I respectfully dissent.

This case is a follow-up of McMinimee v. McMinimee, 238 Iowa 1286, 30 N. W. 2d 106. At the time the former case was before us, the probate proceedings were still pending in the probate court. While the majority opinion therein conceded that the antenuptial agreement constituted a waiver by Myrtle McMinimee, surviving spouse, of all rights under section 636.5 (dower), section 636.7 (dower to embrace homestead), section 636.21 (dower right unaffected by will), and section 561.12 (life possession in lieu of dower), it held that irrespective of the above waivers, section 561.11 was applicable. It granted to the surviving spouse the right to possess and occupy the whole homestead "until it is otherwise disposed of according to law." It was my judgment then, and still is, that the surviving spouse likewise waived under section 561.11. See dissenting opinion filed therein at page 1300.

The present case presents the question of the construction of the term "otherwise disposed of according to law." More

than a year has elapsed since the estate was opened. All matters pertaining thereto have been determined by the probate court and the estate closed. Under the laws of descent and as conceded in the former hearing, the real estate descends to the heirs of A. C. McMinimee the same as though no surviving spouse existed, except as section 561.11 is applicable. Appellants here ask that title be quieted in them and that they be granted a writ of possession to the homestead property. The trial court refused such writ and the majority opinion affirms the same.

In my judgment the writ should be granted. While a situation similar to the one at bar has not been before this court, section 561.11 has been passed upon many times. A review of these cases conclusively shows that this section grants but a temporary right. In Cunningham v. Gamble, 57 Iowa 46, 47, 10 N. W. 278, 279, we said: "In our opinion, the law contemplates that the survivor shall have a reasonable time to make the election."; Egbert v. Egbert, 85 Iowa 525, 533, 52 N. W. 478, 479: "She had the right to occupy it for a reasonable time in which to make an election whether to retain such possession for life or take a distributive share."; Meyer v. Meyer, 23 Iowa 359, 370, 92 Am. Dec. 432, 434: "The right of occupancy and possession confers no title to the property."; Voris v. West, 180 Iowa 138, 143, 162 N. W. 836, 837: " 'The homestead passed to the widow, and she was entitled to use and occupy the same at least for one year' ", quoting from In re Estate of Ring, 132 Iowa 216, 109 N. W. 710.

In Wadle v. Boston Market Co., 195 Iowa 46, 50, 191 N. W. 528, 530, we say:

"Section 2985 * * * is a manifest attempt to protect the survivor against encroachment upon his homestead rights *temporarily,* and until it be otherwise disposed of, either by a setting apart of his distributive share, or perhaps by his election to occupy the homestead for life." (Italics added.)

In Fraizer v. Fraizer, 201 Iowa 1311, 1315, 207 N. W. 772, 774, it is said "* * * the same rule should be applied to the statutory right of the widow to the *temporary* occupancy of the homestead." (Italics added.) In Crouse v. Crouse, 219 Iowa 736, 742, 259 N. W. 443, 446, we said:

"This right of the widow to occupy the homestead until some disposition is made thereof is obviously intended as a provision for the protection of the family during the time the estate is being administered and the distributive share set apart. * * * It has been called a temporary right * * * and is said to expire after a reasonable time. * * * Normally, one would hardly expect occupancy to continue under it over a period of years."

Section 561.11, Code of 1946, states, upon the question of what may be a disposal, "* * * but the setting off of the distributive share * * * shall be such a disposal of the homestead as is herein contemplated." This of course is precluded by the antenuptial agreement. In Nicholas v. Purczell, 21 Iowa 265, 267, 89 Am. Dec. 572, 573, speaking of the term "until it is otherwise disposed of" we said:

"That language may refer to cases where the homestead is liable for an antecedent debt * * * or to cases where the title of the owner is less than a fee, and terminates under conditions annexed to the title * * * or to cases of alienation, by the parties having right to convey, or other cases not needful to mention."

In the former opinion various methods are suggested as a possible "disposal thereof." Nowhere is cited a statement which is deemed to be an inclusive meaning of the term.

Under the majority opinion we have this situation: 1. A homestead property which by the laws of descent belong to appellants herein. 2. It is not subject to any prior estate or interest involving title. 3. A surviving spouse who has precluded herself from any estate or interest therein, so far as title is concerned. 4. All matters pertaining to the probate of the estate are finished and the estate closed. 5. The widow occupies the homestead, rent free. (In re Estate of Baker, 164 Iowa 305, 145 N. W. 898.) 6. She is not responsible for the taxes, insurance, and upkeep, as those items are incidental to an estate, be it fee, life or years. 7. The owners are attempting to gain that which is rightfully and legally theirs. Must they allow the premises to be sold for taxes or wait for a

voluntary abandonment by the widow, or her death in order to enjoy their inheritance? That in substance is the effect of the majority opinion.

In my judgment where no rights of dower or life estate in lieu thereof are involved, the closing of the probate proceedings constitutes a "disposal of the homestead" within the meaning of section 561.11, and the judgment in the instant case should be reversed.

BLISS and GARFIELD, JJ., join in this dissent.