## BUTTERFIELD v. WICKS ET AL.

1. **Homestead:** DOWER: SURVIVOR MUST ELECT. The surviving husband or wife cannot enjoy at the same time both dower and homestead in the real estate of decedent, and must elect which of those rights he or she will take.

2. ———: ———: ———. The continued occupancy of the property by the husband, as a homestead, after the death of the wife who is the owner, will be regarded as an election to hold it as such.

3. ———: ———: MORTGAGE. The right of occupancy and possession by the survivor confers no title to the property, and he cannot execute a valid mortgage thereon.

### *Appeal from Clinton Circuit Court.*

### TUESDAY, OCTOBER 17.

ON the 26th day of December, 1873, the plaintiff filed his amended and substituted petition, alleging in substance that the defendant, Stephen Wicks, for the purpose of securing to one D. Whitney a note for $300 and interest, on the 21st day of April, 1865, executed to said Whitney a mortgage upon his dower interest in a certain piece of land 132 feet square, in the south-east corner of block No. 10, in the village of De Witt.

That the fee simple in said land was in his wife, Adelia B. Wicks, in the year 1863, at which time she died intestate, leaving Stephen Wicks, her husband, and Fremont, Marion, Stephen, Jr. and Charles Wicks, her children and heirs at law surviving; that the land is two lots in the town of De Witt, not exceeding one-half acre in extent, and of the value of about fifteen hundred dollars; that the same at the time of the death of Adelia B. was her homestead, and that Stephen Wicks, from the date of her death to the present time has occupied and possessed the same as his homestead, and was so in possession, at the time of the execution and delivery of said mortgage to Whitney; that Stephen Wicks had an unassigned and unadmeasured dower interest in said land, to the

extent of a fee simple to the whole thereof, and that by the execution and delivery of the mortgage he elected to have dower in said land, and sold the same conditionally to Whitney, and plaintiff through the assignment of the note and mortgage, is the conditional owner of said dower interest.

The petition prays a foreclosure of the mortgage, but does not ask a personal judgment against defendant, Stephen Wicks, because he has been declared a bankrupt and discharged from personal liability. The petition contained other allegations, which, in the view we take of the case, it is not necessary to set forth.

The defendant demurred to the petition, upon the following grounds among others.

"1. The said petition states facts which avoid a cause of action in this:

"*First*. Because it states the title to the real estate to have been in his wife at her decease, and that it was used and occupied by her at that time as her homestead, and that his co-defendants were her children, and inherit from her.

"*Second*. This defendant could not mortgage the inheritance of the children, nor any dower right he may have had therein for his individual debt, so as to defeat or destroy the right of these children in the homestead property.

"2. The said petition does not state facts sufficient to constitute a cause of action."

This demurrer was sustained, and plaintiff appeals.

*K. W. Wheeler*, for appellant.

*Leffingwell & Bro.*, for appellees.

DAY, J.—I. Adelia B. Wicks died intestate, seized of the legal title to the homestead in controversy, and leaving a husband and children.

The real question in this case is, what disposition did the law make of this homestead, upon her death?

At the time of her death the law provided, as now, that

one-third in value of all the real property possessed by the husband during marriage, which has not been sold on execution or other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property, in fee simple, if she survive him; and the same share of the real estate of a deceased wife shall be set apart to the surviving husband. Code, Sec. 2440.

*1. HOMESTEAD: dower: survivor must elect.*

The fact that property is a homestead does not deprive the surviving husband or wife of this right therein. Appellant, relying upon the provisions of section 2426 of the Revision, claims that where the decedent leaves no real estate other than the homestead, the survivor is entitled to all of it in fee simple, under the foregoing statute. This section is as follows: "Such share shall be so set-off as to include the ordinary dwelling house and the land given by law to the husband as a homestead, or so much thereof as will be equal to the share allowed to her by the last section, unless she prefers a different arrangement." This section furnishes no warrant for the construction contended for by appellant. Under section 2440 of the Code, the survivor is in no case entitled to more than one-third in value of the real estate of which the decedent died seized.

But, as to the homestead, the law confers upon the surviving wife or husband another right than that embraced in section 2440. Section 2007 of the Code provides:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law."

One section confers a right to one-third in value of the homestead in fee; the other confers the right merely to use and occupy the whole homestead, until otherwise disposed of.

But these rights cannot both be enjoyed at the same time, in the same property. This was definitively settled in *Meyer v. Meyer*, 23 Iowa, 359. Sometimes one right, sometimes the other, may be deemed by the survivor the more valuable. Hence he should have the right to elect which he will enjoy. But he cannot have both.

II. Appellant claims, however, that the execution of the

mortgage to Whitney was an election by defendant to take dower in the homestead. We cannot concur in this position.

The mortgage is in the usual form and purports to convey the whole of the lot in controversy, with the usual covenants

2. ——: ——: and defeasance. We know of no principle of law —— which will authorize us to hold that a mortgage upon the whole of a homestead is an election to hold one-third of it as dower. Such an election would be inconsistent with the right to possess and occupy the whole of the premises as a homestead, and the petition alleges that defendant was so occupying the premises at the date of the commencement of the suit.

The occupancy of the property by the husband as a homestead may well be regarded as an election to hold it as a homestead, and not a part of it merely as dower. When the mortgage was executed by Stephen Wicks, his wife had been dead about two years. During this time he made no effort to have his dower set-off in fee. Had he done this he could not hold the homestead. His intentions must be judged by his acts. The petition alleges that he occupies the property as a homestead. It must, therefore, be presumed that he occupied it under his homestead right.

III. This brings us to consider whether Stephen Wicks, in virtue of his homestead rights in the property, acquired any interest which would be the subject of mortgage.

His right in the property was merely to continue to possess and occupy it, until otherwise disposed of according to law.

3. ——: ——: Subject to this right of the husband the wife might mortgage. have disposed of the property by will. Code, section 2010. And, in the absence of will, we have no doubt that, when the husband's rights by abandonment or in any other manner, are at an end, the property passes by the ordinary rules of descent. The right of occupancy and possession confers no title to the property. *Meyer v. Meyer*, 23 Iowa, 359 (370). It is a mere personal right. When the occupancy is abandoned the right ceases. It would seem to follow that this right of possession confers no right which can be the subject of mortgage. No valuable interest could pass to the

mortgagee, for upon the foreclosure of the mortgage, and the eviction of the mortgagor, his homestead right would cease, and the property would pass, unincumbered, to the heir or devisee. We are led to conclude that the court did not err in sustaining the demurrer. This view renders unnecessary a consideration of the other points discussed.

AFFIRMED.