DAVID   WILD, Administrator, Objector, Appellant, v. GEORGE W. TOMS, Administrator.

**Estates of Decedents:** SETTLEMENT: SALE OF REALTY: WIDOW'S SHARE. A widow is entitled to one-third of the proceeds of her deceased husband's realty, free from deduction for taxes, repairs and expenses of an administrator's sale, but in case the husband leave no issue her one-half interest, under Code section 3379, in so far as it exceeds her dower interest, is subject to the payment of debts, taxes and repairs.

*Appeal from Linn District Court.*—HON. WM. G. THOMPSON, Judge.

MONDAY, MAY 9, 1904.

WILD, as administrator of the estate of Mary Johnson, deceased, filed objections to the final account of Toms, as administrator of the estate of Joseph Johnson, the husband of said Mary Johnson, who died prior to the death of Mary Johnson, and while the latter was under guardianship on account of insanity. The court found that Toms should pay to

Wild the sum of $293.24 out of the balance remaining in his hands undistributed, and overruled the objections to Toms' report. From this judgment, Wild appeals.—*Modified.*

*Redmond & Stewart* for appellant.

*Grimm, Trewin & Moffitt* for appellee.

McCLAIN, J.—Without considering in detail the specific objections made to the report of Toms as administrator, we can satisfactorily dispose of the case, and decide the questions of law and of fact which have been presented to us, by reviewing the disposition made by Toms, as administrator, of the funds derived by him from the decedent's estate, and reach a conclusion as to the amount for which Toms should be required to account to the estate of Mary Johnson. It is necessary to work out the accounting in a somewhat different method from that suggested by counsel on either side, as neither of the methods followed in reaching a result is free from error. Joseph Johnson died seised of three tracts of real property, and possessed of a very small personal estate. He left no children, and his surviving widow was under guardianship for insanity. His personal property was entirely inadequate to pay claims, and it was necessary to sell the real estate, and Toms, as administrator, secured proper orders for such sale. The first question with which we are confronted is as to the proper division of the proceeds of the real estate. Before proceeding further, however, it is necessary to take into account the fact that the administrator took possession of the real estate of the deceased, there being no resident heirs, and collected $400 as rent. On the other hand, he expended $705.31 in caring for the real estate and satisfying the costs of sale. We have no doubt as to the administrator's right to apply the rents in payment of taxes, repairs, and insurance; and, so far as the heirs are concerned, the balance of rents, after satisfaction of these expenses, may

well be added to the proceeds of the sales of the real estate, and the expenses of such sales deducted from the total in making distribution.

But so far as the widow was concerned, she was not chargeable with the expenses of the administrator in caring for the property, nor in making sale thereof. As widow, she was entitled to one-third in value of the real estate, to be set off to her on application, free from any charge for debts. Neither her guardian, before her decease, nor her administrator since, has made any application for sale of real estate for the purpose of setting off her dower interest, and we think that her administrator is now entitled to take in lieu of her dower interest one-third of the gross proceeds of the sales. That the widow's dower right is not to be diminished on account of taxes paid on her husband's real estate after his death, and before the setting off of dower, has been decided in *Felch v. Finch,* 52 Iowa, 563; and, following the reasoning of that case, we reach the conclusion that, as to the one-third of the proceeds of the real estate, the administrator of the husband's estate has no right to set off any expenses incurred either in managing the property, or in having it sold for the purpose of paying the debts of the deceased. The three parcels of real estate were sold for $5,281, and of this amount the widow was entitled, absolutely and without deduction, to one-third, or $1,760.33.

As Joseph Johnson left no issue surviving him, his widow was entitled, however, under Code, section 3379, to one-half of his estate. But the portion to which she was entitled as widow by reason of want of issue, so far as it exceeded her one-third dower interest, was subject to the payment of debts; that is, after deducting her one-third as dower, the remainder of the proceeds of the real estate, together with the proceeds of the personalty, was subject to the payment of claims against the estate, and she was entitled to one-fourth of whatever remained. *Smith v. Zuckmeyer,* 53 Iowa. 14; *Wilcke v. Wilcke,* 102 Iowa, 173.

We have no concern as to the distribution of the personalty, for it was entirely exhausted in the payment of claims. Adding together, then, two-thirds of the gross receipts from the sale of real estate (that is, $3,520.66), the rentals received from real estate, $400, and the total amount of personalty, $482.09, we find a total of $4,402.75 in the hands of the administrator, from which are to be deducted the entire expenses of administration, including court costs of the probate proceedings, and of the sale of real property, costs of managing the real property, and an allowance of $600 made to the widow, under Code, section 3314, and all other claims and expenses properly payable out of the estate. Without itemizing the amounts paid under these different headings, which it would be difficult to do from the administrator's report, we find that the total amount to be deducted from the $4,402.75, above specified, is $3,382.84, leaving the sum of $1,119.91 for distribution—one-fourth, or $279.98, to the widow, and the balance to the heirs. Therefore, it appears that out of the gross amount of the sums received by the administrator from every source, including the sale of real estate, the widow was entitled to $2,640.31, that amount being made up of the three following items: One-third of the gross proceeds of real property, $1,760.33; allowance, $600; one-fourth of the net balance after satisfaction of all claims, $279.98. It appears that the total of the sums which have been paid to the widow is $2,027.58, leaving as the amount still due to the estate of the widow, $612.73.

The trial court should therefore have sustained the objections to the administrator's report, and directed him to pay over to the administrator of Mary Johnson the amount above indicated; and the judgment of the trial court is therefore modified, and the case is remanded, with the direction that a judgment be entered in accordance with this opinion. The costs of this appeal are taxed to appellee.—MODIFIED and AFFIRMED.