MARTIN SWIFT and S. E. SWIFT v. ABIGAIL FLYNN ET AL.,
   Defendants and Appellants, and JAMES SWIFT ET AL.,
   Defendants and Appellees.

**Partition:** RETENTION OF FUNDS: LIABILITY OF REFEREE FOR INTEREST.
·1 Under the record in this action to partition and distribute dece-
   dent's estate, the court properly ordered the referee to hold the

proceeds arising from the sale of the property until the question of advancements to an heir was determined, and that the referee was not chargeable with interest on such funds while so held.

**Same:** DECREE: CONFORMITY TO ISSUES: ADVANCEMENTS: EVIDENCE.
2   Where an issue is not presented by the pleadings until the evidence has been taken, it should not be adjudicated by the decree even though there is evidence tending to support it; as where it was sought in a proceeding for the partition and distribution of decedent's estate to raise the question of an advancement after the evidence had been taken. But in the instant case the evidence is held to show a gift rather than an advancement.

**Same:** SALE OF PROPERTY: INTEREST OF WIDOW: RENTS: COSTS. While
3   a widow has no specific interest in real estate or after accruing rents which she can recover from the administrator prior to an assignment of her distributive share; still, where an assignment of her distributive share can not be made in kind because of the necessity to sell the property to make partition, she is entitled to her interest in the proceeds, including rents received; and the administrator has no right to pay any debts of the estate therefrom, or to charge her share with any of the costs of administration.

*Appeal from Washington District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

. .   THE opinion states the case.—*Affirmed* in part, and *reversed* in part.

*W. H. Butterfield,* for appellants.

*Eicher & Livingston* and *S. W. & J. L. Brookhart,* for appellees.

SHERWIN, J.—This action was brought for the partition of real estate owned, at the time of his death, by Martin Swift, Sr. There was no question as to the inter-

est taken by the several parties, nor any question as to the necessity of selling to make partition. The appellant Mary Swift is the widow of the decedent and took her distributive share, and the other parties are the children and their spouses. The original decree provided for partition by sale, but the distribution was to be subject to the question of advancements to one or more of the heirs. James Swift was appointed sole referee by consent of all parties in interest and sold the property. He made partial distribution under order of the court, and his final report was objected to for reasons which will be hereinafter referred to. It was claimed that the appellant Francis Swift had received from his father an advancement of $1,000, and the trial court so found, and adjudged that it be deducted from his interest in the estate. After the evidence was all in, an amended pleading was filed, alleging that advancements had also been made to J. T. Swift, James Swift, and Martin Swift, but the trial court found against the claim. Objections were made to specific items in the referee's report, and also to his bill of $750 for services as referee. The court cut his compensation down to $450, and approved the rest of the report, except as to a few minor items. Some of the real estate was leased at the time of the death of Martin Swift, Sr., and a part of the rent accrued thereafter. But it was used for paying the debts of the estate over the protest of Mary Swift. Mary Swift, Francis Swit, A. B. Swift, Abigail Flynn, and Jane Bruty appeal.

We have given the record in this case, and the transcript of the evidence certified to us, careful consideration, and reach the conclusion that the referee is entitled to the sum allowed him as compensation for his services, and that the report as approved by the trial court is substantially correct. We think the district court was justified in ordering the referee to hold the balance of the funds in his possession until final disposition was made of the question

1. PARTITION: retention of funds: liability of referee for interest.

of advancements, and that no charge should be made against the referee for interest.

The court was also right in denying the claim of advancements to J. T. Swift, James Swift, and Martin Swift. No issue of the kind was presented until after the evidence had been taken, and it would be unfair to enter a decree on a question not in issue when the case was tried, because there happened to be evidence which would tend to sustain such an issue if properly presented. But aside from such consideration, the evidence is wholly insufficient to sustain the claim. The court found that an advancement of $1,000 had been made to Francis Swift some years before his father's death. This finding was based almost wholly on representations said to have been made by Francis Swift to his brothers, after his father's death. The facts seem to be that Francis had at various times received money from his father aggregating $2,000, for which he had given two notes of $1,000 each. The evidence is very satisfactory that, on one of Francis' birthdays, his father surrendered to him one of these notes, telling him that it was a birthday present, and directing him to destroy the note. The evidence touching this transaction shows that it was a gift in the fullest sense, and that it was not intended as an advancement, and this is not in our judgment overcome by the evidence as to what Francis had said about it in Brookhart's office. There is a sharp disagreement as to what that conversation was, and we think too much reliance was placed on it by the trial court. We are of the opinion that there was no advancement to Francis Swift, and the decree will be modified in that respect.

*2. SAME: decree: conformity to issues: advancements: evidence.*

The rent accruing after the death of Mr. Swift became a part of the realty upon his death, and the widow, Mary Swift, was entitled to one-third thereof as a part of her distributive share. *Townsend v. Isenberger,* 45 Iowa, 670; *Toerring v. Lamp,* 77 Iowa, 488; *Dexter v. Hayes,* 88

Iowa, 493; *Wild v. Toms,* 123 Iowa, 747; *Pennock's Estate,* 122 Iowa, 626. The cases relied up-

3. SAME: sale of property: interest of widow: rents: costs.

on by the appellees as holding to the contrary are cases where the widow consented to contribute to the payment of the debts. It is, of course, the rule that the widow has no specific interest in the real estate, or in after-accruing rents which she can recover from the administrator, before there has been assignment of her distributive share. But in this case there could be no assignment of her distributive share in kind, for the reason that it was necessary to sell to make partition. Her distributive share was determined when the decree ordering partition by sale was made, and she was then entitled to one-third of the proceeds of the partition sale of the land. And while she might not be able to maintain an action against the administrator for a specific part of such fund, it is very clear to us that he would have no right to pay any debts of the estate therefrom, and charge any part thereof to the widow, Mary Swift. *Pennock's Estate, supra; Wild v. Toms, supra.* Nor should the widow's distributive share be charged with any part of the general costs of administration. All that it can properly be charged with is a proportionate share of the cost and expense of partition.

That part of the decree charging Francis Swift with an advancement of $1,000 and the part thereof charging Mary Swift's distributive share with any part of the general debts of the estate, and charging her share with any part of the general cost of administration, are reversed. In all other respects the decree is affirmed. The appellant's motion to strike the appellee's amendment to abstract is overruled, but two-thirds of the cost of printing the same will be paid by the appellees.

The judgment is *affirmed* in part and *reversed* in part.