IN RE ESTATE OF SIDNEY F. FRICK.

BELLE FRICK GUNDERSON, Appellant, v. S. ELLA FRICK, Executrix, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Allowance to Surviving Spouse—Acceptance of Will no Bar. A wife, on the death of her

testate husband, may claim her allowance for one year, though she accepts the provisions of a will which provides that the provisions therein for the wife shall be *"in lieu of all statutory provisions in her favor."*

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

MAY 10, 1921.

REHEARING DENIED OCTOBER 1, 1921.

APPEAL by a beneficiary under the will of Sidney S. Frick, deceased, from an order in probate, refusing, upon the application of such beneficiary, to set aside or reduce a widow's allowance.—*Affirmed.*

*J. G. Myerly,* for appellant.

*Miller & Wallingford* and *Oliver H. Miller,* for appellee.

STEVENS, J.—It appears from the record that Sidney S. Frick died testate, seized of an estate having a net value in excess of $20,000; that, in March, 1917, which was about six months after his death, S. Ella Frick, his surviving widow, procured an ex-parte order from the probate court of Polk County, allowing her the sum of $1,200 for one year's support; that, on or about August 7, 1918, appellant filed her application, reciting that the allowance to said surviving widow was obtained without notice; that, as she had declined to elect, within the time allowed by statute after notice, whether she would take under the statute or under the terms of her husband's will, she was presumed to have elected to take under the will, which provided:

"Sixth: I further direct that the foregoing provisions of this will in favor of my said wife S. Ella Frick, shall be in lieu of any and all provisions of the law for her dower interest in my property or estate and of all statutory provisions in her favor including that of Section 3379 of the Code Supplement of the year 1913, and the provisions of this will in her favor shall be taken in full of all her interest in my estate."

Appellant claimed that, under the foregoing provision of the will, the widow was not entitled to an allowance for the support for one year, and asked that the allowance made be set aside and canceled.

The only question presented for decision is whether the widow, after having elected to accept the provisions of the will (which, it is disclosed by the record, she finally did), could claim an allowance for one year's support. The contention of counsel for appellant is that the provisions of the will are in lieu of any and all right to a distributive share or allowance for support under the statute. Appellant relies upon the provisions of Section 3270 of the Code, which, so far as material, are as follows:

"Any person of full age and sound mind may dispose by will, of all his property, subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by law to the surviving spouse, except sufficient to pay his debts and expenses of administration; but where the survivor is named as a devisee therein, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead and exemptions.    *    *    *"

The question appears to be settled by numerous decisions of this court which are adverse to appellant's contention. *In re Estate of Miller,* 143 Iowa 120; *In re Estate of Hamilton,* 148 Iowa 127; *In re Estate of Uker,* 154 Iowa 428; *Tetzloff v. May,* 151 Iowa 441; *In re Estate of Adams,* 161 Iowa 88; *Tetzloff v. May,* 172 Iowa 617; *In re Johnson,* 154 Iowa 118. In each of the above cases, it is held, or the ruling is approved, that the allowance which, under Section 3314 of the Code, may be made by the court to the widow and all minor children under 15 years of age, for their support for one year, is a part of the expenses of administration, and not an interest or part of the estate for distribution. The provision of the will of testator quoted above makes no reference to the statutory right to an allowance to the widow for support, and is not impliedly inconsistent with her right thereto. The cases cited supra are decisive, and further elaboration is unnecessary. There is nothing in the provisions of Section 3379 of the 1913 Supplement to the Code, or in our

holding in *In re Estate of Stevens,* 163 Iowa 364, inconsistent with this conclusion. The amount allowed by the court is clearly not so large as to indicate an abuse of discretion on the part of the court. The order appealed from should be and is.—*Affirmed.*

Evans, C. J., Arthur and Faville, JJ., concur.