In re Estate of John A. Crouse.

Elizabeth Crouse, Appellee, v. T. L. Ashford, Administrator, Appellant.

No. 39747.

February 12, 1929.

Rehearing Denied May 17, 1929.

*John A. Hull,* for appellant.

*Baker & Doran,* for appellee.

De Graff, J.—Elizabeth Crouse was the widow of John A. Crouse. He died intestate in Boone County, Iowa, March 4, 1927. On March 7, 1927, the widow, appellee herein, filed an application in the probate court for an order for "a partial allowance to this applicant as her widow's allowance in said estate matter." An order on this application was entered, wherein the administrator was ordered and directed to pay said Elizabeth Crouse, as her widow's allowance in said estate matter, the sum of $1,000, payable in different sums on different dates, the last payment of $75 to be made on the first day of October, 1927.

On the 23d day of November, 1927, the appellee filed in the probate court an application for additional widow's allowance,

alleging that the $1,000 heretofore allowed her had been exhausted; that the widow had no money or property with which to support herself; that various law actions involving her had been instituted, specifically named in the application, and that the fees and charges of her attorneys had not been paid; that she was still indebted to her attorneys, and indebted in other ways for her necessities of life; that, by reason of an action now pending, the administrator is not permitted to set aside to the widow the statutory exempt property, so that she can sell or dispose of the same for her support; that the necessary household expenses in order to maintain the home now occupied by the applicant as the same was maintained prior to the death of her husband will require at least an additional allowance of $1,000 during the balance of the year from the date of the death of her said husband. A resistance to this application was filed by the administrator, and among other matters, it is alleged that the widow had received from this administrator, under order of court, on a prior hearing, $1,000, which was allowed to her as her widow's allowance; that said sum was reasonable, and was intended for the full amount that the widow should be allowed during the year of administration; that said order is a complete and full adjudication of the amount the widow should be allowed during the year of administration; that more than one year has lapsed since the estate of John A. Crouse was opened, and there is no just ground to make an additional allowance. Reference is also made to the suits which involved the widow, and it is stated that any additional allowance would affect the shares of the heirs of John A. Crouse, deceased, to which they were entitled, under the law. Upon the hearing of this application, the probate court ordered an additional allowance of $600 to be made to the widow, and it was expressly recited in said order that the allowance "is solely for the support of the widow, under the statute, and is not intended as attorney fees." This last phase of the order is not involved on this appeal.

Under the statute, a petition by the widow to review the prior allowance is permissible, and the court may increase or diminish the allowance, "and make such orders in the premises as shall be right and proper." Section 11923, Code of 1924. It is further provided by statute that applications for such allow-

ance, *inter alia*, shall recite "what allowance, if any, has heretofore been made to her." Section 11924, Code of 1924.

The application for the additional allowance was filed within the year, and it clearly appears that the application in the first instance was made "for a partial widow's allowance in said estate matter." The application for the additional allowance was made within the year, but, for some reason not shown by the record, the application was not ruled upon until after the expiration of said year. With the failure to rule upon the latter application at an earlier date we are not concerned. The probate court may have had a reason for the delay in making its ruling. The application was made in probate. It was not triable *de novo*, and a presumption exists in favor of the correctness of the finding of the trial court. *In re Estate of Clark*, 151 Iowa 511; *Caldwell v. Caldwell*, 192 Iowa 1157. Furthermore, it is the settled rule in this state that this court will not disturb an award of this kind unless a clear abuse of discretion is shown. *In re Estate of Frick*, 192 Iowa 75; *In re Estate of Chismore*, 194 Iowa 300.

Did the probate court abuse the sound judicial discretion vested in it when it entered the order for the additional allowance in this case? There was offered in evidence, without objection, the preliminary inheritance tax report filed in the estate of John A. Crouse, which recited the date of his death; the name of the administrator; the beneficiaries, which included the widow (appellee herein) and the children of the decedent by a former marriage, eight in number, with their ages, respectively, 37 to 18 years; real estate (described therein) with an estimated value of $90,000; personal property (described therein) with an estimated value of $12,883.70; and debts estimated at $18,000.

Some emphasis is placed by appellant on the fact that the short space of 84 clear days intervened between the wedding march of John A. Crouse and his funeral dirge, and that, immediately subsequent to the marriage, the husband presented to his new wife a $900 gray squirrel coat, a fine Buick car, showing the latest touches of engineering skill of General Motors, and dresses that added to the joys of her new happiness, and other wearing apparel that dazzled the eyes of her friends and associates. These were the amatory gifts of a generous husband, but

we are not conscious that these facts influenced the judge who entered the orders upon which this appeal is predicated.

As heretofore indicated, the applications were addressed to the sound discretion of the court, and should not be disturbed unless it appears that the discretion vested in the court has been abused. Seldom, if ever, are the facts upon which an allowance is based the same in any two cases. It follows, therefore, that an opinion heretofore filed by this court involving the proposition presented by the appellant will constitute but a weak precedent in the decision of this court in a subsequent case of similar nature. The order entered is, therefore,—*Affirmed*.

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.