Jesse Crouse et al., Appellees, v. Elizabeth Crouse, Appellant.

No. 42827.

MARCH 12, 1935.

L. H. Doran, for appellant.

John A. Hull, for appellees.

POWERS, J.—This appeal presents several propositions relating to the distribution of the rents of real estate between the widow and heirs of an intestate where a homestead is involved. It is the fifth appeal in the contest between these parties. A brief statement of the

facts out of which the controversy arises is necessary to a proper understanding of the problems.

In December, 1926, John A. Crouse was a farmer, sixty-four years of age, a widower, and the father of eight children. He lived on a five hundred-acre farm which he owned near Boone, Iowa. The appellant was his housekeeper. During that month the appellant became his wife. Early in the month of March following, he died as a result of falling or being thrown from an automobile which the appellant was driving. He will be referred to herein as the decedent, the appellant as the widow, and his surviving children as the heirs.

Very shortly following decedent's death, his heirs instituted an action in partition covering the five hundred acres of land. In this action the right of the widow to an interest in the land was challenged. Pending determination of questions affecting the interest of the parties in said land, a receiver was appointed for all of the land except the forty acres comprising the homestead which the widow occupied. Crouse v. Crouse, 210 Iowa 508, 229 N. W. 850. In an action at law, following a dismissal of the prayer for partition, the heirs made the claim that the felonious conduct of the widow was responsible for the death of the decedent and, therefore, she was not entitled to take anything from his estate. Section 12032, Code 1931. There appears to have been two trials on this issue in which the jury disagreed. On the third trial a jury found in favor of the heirs and against the widow. On appeal to this court the case was reversed. Crouse v. Crouse, 214 Iowa 725, 240 N. W. 213. When the case was returned to Boone county, it was transferred to equity and tried again. The district court found in favor of the widow and this finding was approved on appeal. Crouse v. Crouse, 217 Iowa 814, 253 N. W. 122. In the meantime, on application of the widow, the widow's allowance was increased from $1,000 as originally made to $1,600, and this order was approved by this court. Crouse v. Ashford, 208 Iowa 333, 223 N. W. 510. It appears, also, that during this period the widow was indicted for manslaughter and was acquitted.

The decree of the court finding that the widow was entitled to participate in the estate of her deceased husband set apart to her 80 acres of land out of the five hundred-acre farm so selected as to include the forty-acre homestead on which the buildings were located. This decree was affirmed in this court on the 13th day of

March, 1934. Crouse v. Crouse, 217 Iowa 814, 253 N. W. 122. In the meantime, the receiver had been collecting the rent from the four hundred sixty acres and collected rent for the years 1927 to 1933, inclusive. He used, out of the rentals from time to time, such amounts as were necessary to pay the taxes on the land, including the homestead, and for necessary maintenance and repair of the property. The widow occupied the homestead from the death of her husband in March, 1927, until the jury returned a verdict against her, barring her right to participate in her husband's estate. She was then ousted on the 21st day of January, 1931, because of the judgment entered on the verdict. The heirs collected the rent from the homestead thereafter until the widow took possession of the homestead as a part of the distributive share which had been set aside for her.

The present appeal is from a decree entered in the equity case where the receiver who collected the rents was appointed and relates to the proper distribution of the balance in his hands, and the extent to which the widow and heirs should be charged with the rents from the homestead. Both parties have appealed. The claims of the respective parties will be considered in the separate divisions of this opinion which follow.

I. The widow claims that she is entitled to the rents from the homestead and, in addition, to one-third of the gross receipts collected by the receiver from the real estate which the decedent left in addition to the homestead, or from the four hundred sixty acres. The trial court rejected this contention and held that the rental value of the homestead should be included and charged to the widow during the period she occupied the homestead, in determining the one-third of the rentals which the widow was entitled to receive from the receiver for the period following the death of decedent up to the setting aside to the widow of her distributive share. The correctness of this holding we first consider.

Rents which accrue on land after the owner's death are chattels real and belong to those who are the owners of the land when such rents accrue and in the same proportion. In re Estate of Dalton, 183 Iowa 1013, 1015, 168 N. W. 332. Our first inquiry, therefore, is: Who were the owners of this land between the death of decedent and the time when the widow's distributive share was set apart to her?

We have definitely decided that immediately upon the death intestate of the owner of real estate, his surviving spouse and children take as tenants in common and the surviving spouse becomes vested with an undivided one-third interest and the surviving children become vested with the remaining undivided two-thirds interest, and that the widow's undivided one-third interest may be divested by her subsequent election to take under a will, or to take a homestead for life in lieu of her distributive share. Van Veen v. Van Veen, 213 Iowa 323, 236 N. W. 1, 238 N. W. 718. In the case at bar, there was no will and there was no election to take a life estate in the homestead, so that the widow must be regarded as the owner of an undivided one-third of the lands from the death of her husband up until her share was set off to her in specific property. Thus far, there is no dispute. Controversy arises over the rents of the homestead and the rental value of the homestead. The widow contends that she has a right to the occupancy of the homestead independent of and in addition to her undivided one-third interest in all the lands, that she should not be charged with rent while she occupied the homestead, and the heirs, who collected the rent from the homestead after she was ousted and until her distributive share was set apart, should be required to account to her ·for such collection. The heirs, on the other hand, contend that while she may have the right to use and occupy the homestead, the value of that use should be taken into consideration in determining the amount she is entitled to receive as rentals from the other land. We are thus confronted with the question as to whether the widow's right of occupancy of the homestead is to be carved out of her distributive share where such share is large enough to ·cover it, or whether it is a right independent of and in addition to her right to a distributive share.

The homestead rights of a widow in the lands left by a deceased husband are created by statute. They arise under the provisions of the following sections of the Code of 1931:

"10145. Occupancy by surviving spouse. Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated."

"10146. Life possession in lieu of dower. The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased."

These sections, in substantially their present form, have been in the statutes of this state almost from the beginning. They appeared as one section of the Code of 1897. That they are closely related in their subject-matter is obvious. Yet, it is equally obvious that they recognize two different homestead rights in the wife.

The last section, above quoted, gives to the surviving spouse the right to occupy the homestead for life in lieu of her distributive share. That homestead right is an alternative right. It may be taken as a substitute for a distributive share. We are not concerned with that right here, nor with the many cases which have arisen under it. We mention it only to point out the distinction and thus avoid the confusion which would result from an attempt to apply the many cases which have arisen under it to the present situation. For example, it has been said that a widow may not have both a homestead and a distributive share in the lands of her deceased husband. Butterfield v. Wicks, 44 Iowa 310. This statement, however, has reference to a homestead right to the life use of the homestead which is in lieu of dower. Meyer v. Meyer, 23 Iowa 359, 92 Am. Dec. 432.

Section 10145 recognizes a different right, not a right to occupy the homestead for life, but a right to occupy it temporarily and until it is otherwise disposed of and a setting aside of the distributive share is a disposal of it. Such a right could not be in lieu of a distributive share, nor carved out of a distributive share, because the statute recognizes its existence along with a right to a distributive share and provides for its termination when the distributive share has been set aside in specific property. Both rights are recognized and mentioned in the same section. It must, therefore, be in addition to the distributive share.

Moreover, such right is not acquired by inheritance. It is not a right which the widow obtained on the death of her husband. It is a right which she had before his death. Mahaffy v. Mahaffy, 63 Iowa 55, 18 N. W. 685. In order for it to exist, the property must have been the homestead of the family and occupied as such by the husband and wife before the husband's death. Having such a status, the wife could not have been excluded from it by the husband while both were living. Although the property belonged to

the husband, the wife had acquired an interest in it while both were living. That interest was the right to occupy it. When the husband died, the widow acquired no new interest in it. The effect of the statute was to continue the interest she already had. That interest is not a property right. It is not alienable. Butterfield v. Wicks, 44 Iowa 310. It is a mere personal privilege which terminates when her distributive share has been set off to her. The widow is not required to pay rent for the occupancy (In re Estate of Baker, 164 Iowa 305, 145 N. W. 898; Frazier v. Frazier, 201 Iowa 1311, 207 N. W. 772), nor to pay the taxes on the property while occupying it. Branson v. Yancy, 16 N. C. (1 Devereux's Eq.) 77. Her right to so occupy the homestead does not come from the estate of her deceased husband at all. She had that right before his death. The law continued it for a time after his death. Voris v. West, 180 Iowa 138, 162 N. W. 836.

It follows that when John A. Crouse died intestate, the title to the five hundred acres of land passed to his widow and heirs, burdened with this right of the widow to occupy the homestead temporarily. That much had been carved out of the estate which passed on his death and became vested in the widow and heirs as tenants in common.

This right of the widow to occupy the homestead until some disposition is made thereof is obviously intended as a provision for the protection of the family during the time the estate is being administered and the distributive share set apart. It has been compared to the widow's allowance. Frazier v. Frazier, 201 Iowa 1311, 207 N. W. 772. It has been called a temporary right (Wadle v. Boston Market Co., 195 Iowa 46, 191 N. W. 528), and is said to expire after a reasonable time. Egbert v. Egbert, 85 Iowa 525, 52 N. W. 478. Normally, one would hardly expect occupancy to continue under it over a period of years. In the instant case, a period of seven years is involved. That seems a long time to enjoy a right which is described as temporary. Yet during the whole period proceedings were in progress to determine and have set aside to the widow her distributive share. The long delay was not due to the unwillingness of the widow to have her distributive share set aside to her. Her right to have such share set aside to her was being resisted by the heirs. So that whatever delay there may have been is not chargeable to her. In any event, the statute says the right shall continue until the homestead is diposed of, and there

was nothing here in the nature of such disposal until the distributive share of the widow was set aside to her. The right of the widow to occupy the homestead continued, therefore, until the distributive share was set aside for her.

 It is true that during the last three years of the period the widow did not occupy the homestead. But she did not voluntarily relinquish such occupancy. If she had, her right would have terminated. Butterfield v. Wicks, 44 Iowa 310. She was ousted under a judgment which was later set aside. Under such circumstances, it can hardly be said that her right of occupancy was lost. Her right continued and she is entitled to the rents from the property during the time she was excluded.

The trial court, in support of its holding, cited and relied upon the case of Van Veen v. Van Veen, 213 Iowa 323, 236 N. W. 1, 238 N. W. 718. That case does hold, as previously pointed out in this opinion, that, in a situation like this, where a man dies intestate leaving a widow and children, an estate in the lands immediately vests in the widow and children as tenants in common. The only question there considered, however, was as to where the title was and how it was held before the widow made her election, or in the absence of an election, where she had a right to elect to take the use of the homestead in lieu of a distributive share, or a right to elect to take under a will. It cleared up what had previously been a somewhat confused situation, because of the absence of harmony and consistency in our previous holdings on the question. The case was not concerned at all with the widow's temporary right of occupancy of the homestead. If the decision is to be interpreted as destroying the right of a widow to a temporary occupancy of the homestead, then there has been a repeal by judicial decision of Code section 10145. Such an interpretation is not justified. The widow and children take as tenants in common the estate which passes upon the death of decedent. But we have already seen that the right of occupancy of the homestead did not pass immediately upon the death of decedent. It remained in the widow. It is a right which the wife had in the property while her husband lived. His death did not immediately divest her of it. She retained that right when she became a widow. Since the estate which passed upon the death of the decedent in this case to the widow and heirs had carved out of it, before it passed, the right to a temporary occupancy of the homestead by the widow, there is nothing in the holding in the

case of Van Veen v. Van Veen, supra, which affects that right. The widow and heirs in this case did take as tenants in common the estate which passed on the death of decedent. The estate which passed, however, was this tract of land burdened with the widow's right to this temporary occupancy of the homestead.

Our conclusion on this branch of the case is that the widow should not be charged with rent during the time she occupied the homestead; and that the rent which the heirs collected from the homestead during the time she was excluded from it be turned over to her, and the taxes on the homestead should not be charged against the income from said homestead.

■ II. The widow makes the further claim here that she is entitled to one-third of the gross rents collected by the receiver and that there was error in deducting from the total rentals collected by the receiver expenditures made by him for the payment of taxes, upkeep on the land, and the costs of the receivership, and in computing her one-third in the balance remaining.

These parties were tenants in common of the lands. The nature of the interest which each held was the same. What was done by the receiver for the protection of the property was for the benefit of all of them. There appears to be no sound or logical reason why the widow's share should not be burdened with such expenses the same as the share of the other tenants in common. Tenants in common are individually liable for taxes on their proportionate share. Oliver v. Montgomery, 39 Iowa 601. They are liable for costs of partition. Swift v. Flynn, 145 Iowa 630, 124 N. W. 626. The deductions authorized by the trial court to be made before the rents were divided were proper.

■ III. The widow further contends that she has been subjected to great expense in defending her right to a temporary occupancy of the homestead and to a distributive share in the estate of the decedent, and that such expense should properly be charged against the estate.

It seems to be conceded that the question is properly here, although the manner in which the question was injected is not clear from the record. The widow cites, in support of her claim, a number of cases holding the cost of litigation of this nature may properly be regarded as family necessities. We do not see that it would avail the widow anything if they be so regarded. The estate of a deceased person is not liable for the family necessities of the

widow. Our statute makes rather generous provision for her maintenance by giving to her exempt property, a right to occupy the homestead temporarily, and a widow's allowance. These provisions are all designed to furnish to her means for her maintenance and support during the time the estate is being administered. The estate, however, is not liable for necessities which may have been furnished the widow during the time the estate is open and being administered. We are unable to see any proper basis for permitting such charges to be made against the estate or the heirs of the deceased in this case.

IV. The heirs contend that the net rentals in the hands of the receiver should have been turned over to the administrator for the purpose of paying debts in the estate. It appears that there are unpaid claims in the estate. However, the widow's distributive share in the real estate left by the decedent is not liable for the payment of the debts of the estate. It follows that the rents which accrued on account of that distributive share after the death of decedent are likewise exempt from the payment of such debts and the costs of administration. Swift v. Flynn, 145 Iowa 630, 631, 124 N. W. 626.

There was no error, therefore, in the refusal of the trial court to apply the widow's share of the rentals to the payment of the debts of the estate, or the costs of administering the estate.

Because of what is held in the first division of this opinion, the decree below must be modified to permit the widow to have all the fruits of the possession of the homestead up until the time her distributive share was set apart to her and, in addition, one-third of the net rentals collected by the receiver from the other real estate and remaining in his hands after the payment of taxes on the land, including taxes on the homestead, and the payment of the expenses of maintenance and repair of the property during the time it was under the control of the receiver, and the expenses of the receivership.

It is, therefore, ordered that this cause be remanded for the entry of a decree not inconsistent with this opinion.—Modified and affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, DONEGAN, and HAMILTON, JJ., concur.