INDUSTRIAL TRUST CO., *Ex. & Tr. vs.* ANNIE P. DEAN.

MAY 25, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Moss, J. This is an appeal by the executor and trustee under the will of John M. Dean, late of the city of Cranston, deceased, from a decree of the probate court of that city granting the petition of his widow, Annie P. Dean, for a reasonable allowance out of his estate for the support of his family, which consisted of his wife and two children, for the first period of six months after his death, and fixing the amount at $1800. The ground of appeal, which was filed in the superior court and which is now relied upon, is that the decision embodied in the decree was against the law.

The case was heard *de novo* in the superior court June 4, 1941, before a justice thereof, sitting without a jury; and he entered a written decision denying the widow's petition. To this decision she duly filed an exception and the case is now before us on her bill of exceptions in which this is the only exception stated.

The widow's petition was based on general laws 1938, chapter 577, § 7. The first sentence of this, being the only part which is material and important in this case, is as follows: "The probate court shall make reasonable allowance out of the estate of the deceased for the support of his family, until such support can otherwise be provided for, for a period not exceeding 6 months from the date of the decease, having regard to the situation of the family and the value and circumstances of the estate." The next section of the chapter is as follows: "§ 8. Such part of the personal property as the court shall allow to the widow or family of the deceased, although inventoried, shall not be assets in the hands of the executor or administrator."

Sections 6, 7, 8 and 9 all come under the heading: "Allowance to widow, minor children and family of deceased" and no other section of the chapter contains the word "allow" or the word "allowance". Of these four sections § 9 deals

only with real estate. In view of these facts we are of the opinion that § 8 should be construed as providing that such part of a testator's personal property as is to be used for an allowance made by the probate court under § 7 shall not be treated as assets in the hands of the executor. In other words, an executor must give to such allowance priority over the rights of legatees under the will and even over the rights of creditors of the testator.

In the instant case the following facts are undisputed. John M. Dean died May 5, 1938, leaving a will which was duly admitted to probate, and the Industrial Trust Company, the appellant, qualified as executor thereof June 13, 1938. The will contained the following provisions: "I also direct my Executor periodically, as may be required in its discretion during the settlement of my estate, to pay over to my wife such sums, not less than at the rate of Five Thousand ($5000) Dollars per year, from time to time, for her support pending the settlement of my estate as it may deem to be not in excess of the probable amount of her share in the net income of my trust estate hereinafter created . . . ." The will also contained other provisions for her benefit, which are not involved in this case.

Further on, in the ninth clause of the will, the following statement is made: "The provisions in this will contained are intended and shall be taken by my wife in lieu of dower and of all statutory and other rights in my estate, and I request that she shall notify my Executor promptly upon my decease of her election to so accept the provisions of my will in order to facilitate the prompt settlement of my estate."

On August 3, 1938, the appellant as executor filed an inventory of the estate and that is an exhibit in this case. On September 3, 1938, the attorney for the widow, the appellee, received a copy of this inventory; and on October 12, 1938, he sent a letter to the appellant, demanding in her behalf that it, as executor, make a substantial payment to her, under the above-quoted provision of the will, at the

rate of $5000 a year for her support pending the settlement of the estate.

Under date of October 20, 1938, the executor sent to this attorney a letter in reply, stating that it had no funds on hand at that time with which to pay the widow under that provision of the will. By letter dated November 8, 1938, the attorney notified the executor that the widow accepted the provisions of the will. On November 22, 1938, she filed in the probate court her petition for an allowance for the support of the family of the testator; and the appeal to the superior court from the decree granting this request is the case which is now before us.

At the hearing in the superior court on the merits of the case it was proved or admitted that she had received nothing from her husband's estate and that there was serious doubt whether she would ever receive anything under the will, on account of the financial condition of the estate. This doubt existed because certain shares of corporate stock, which, according to the inventory and appraisal, constituted nearly all the value of the assets of the estate except some assets which were appraised as of "unknown value", had been pledged by the testator to secure certain indebtedness by him to the Industrial Trust Company and had been sold by that corporation under the pledge so made; and the proceeds of their sale had been applied by that corporation in part payment of such of that indebtedness as it claimed to be then still outstanding, leaving unpaid a large amount of indebtedness claimed against the estate.

There was nothing in the evidence before the superior court to show that there would ever be any net assets of the estate, out of which any payment could·be made by the executor to the appellee, for her support pending the settlement of the estate, in accordance with the direction to the executor which is above quoted from the will. Nor was there any evidence before the superior court to show that there had been, or were, or would ever be, in the estate, any net assets which would be available, *under the will,* for the sup-

port of the two minor children of the testator. Indeed, at the hearing of this case in the superior court, the attorney for the appellant said, with regard to the assets of the estate and the allowance made by the probate court for the support of the family of the deceased: "I don't think that there is enough to pay the full $1800 in addition to paying administration expenses."

In his rescript deciding the case in the superior court, the trial justice quoted the two provisions above quoted from the will and stated that on October 12, 1938 the widow made formal demand upon the executor for the $5000 referred to in the former of these provisions; that in reply she was told that there were no funds available; that on November 8, 1938, her attorney, with knowledge of the condition of the estate from a copy of the inventory, notified the executor in writing of her acceptance of the provisions of the will; and that on the 22d of the same month she petitioned the probate court for a family allowance. He then stated the later proceedings in the case and said that the question before him was as follows: "Is the widow entitled to a family allowance in addition to the provisions of the will after having formally accepted such provisions?"

He said also that the general rule seemed to be that a testator may require his widow to elect between the provisions of his will and a statutory allowance for support and quoted from an annotation in 4 A. L. R. 391 a statement that it is generally held that a testator may so frame his will that the widow cannot have the benefits thereby given her and those of the statute also and will then be put to her election as to which she will take. He then said that the language above quoted from the ninth clause of the will seemed "to clearly indicate that it was the testator's intention that his widow be required to elect whether she would take the rights in his estate granted by the statute or take under the will."

His conclusions were that it was clearly evident that the testator did not intend that she should have both the pro-

visions of the will and the statutory allowance; that after full knowledge of the condition of the estate, including the information afforded by the inventory and the benefit of able legal counsel, she elected to and did formally accept the provisions of the will; and that this acceptance had never been revoked. Therefore he entered a decision that he must deny her petition for an allowance.

We cannot find, from the evidence in the case or from any admission by the appellee or her counsel, that when she elected to accept the provisions of the will, she did so after receiving anything like full knowledge of the condition of the estate. It is true that, as stated by him, she had been informed by the executor that it had no funds then on hand for making the payments which by the will it was directed to make to her for her support pending the settlement of the estate, at the rate of not less than $5000 per year.. But we find no evidence of the possession by her or her counsel of knowledge or information that what were probably the principal assets of the estate were pledged to secure indebtedness of the testator to the executor and that the estate might be insolvent because of that and other indebtedness and that therefore she might not receive any benefit from the provisions of the will.

In coming to our final conclusion in this case we have been influenced to a considerable extent by the language of G. L. 1938, chap. 577, § 7, *supra,* in which it is stated, not that the probate court *may* make a reasonable allowance for the support of the widow of a decedent, but that it *shall* make such allowance for the support of his *family, until such support can otherwise be provided for,* for a period not exceeding six months. The language makes the allowance mandatory and not merely discretionary. It shows that the allowance would be for children of a decedent as well as for his widow, and that she would have no power to waive it, so far as children are concerned, by accepting any testamentary provision in *her* favor.

This language also shows that the period, for which the probate court is required, by this statutory provision, to make an allowance for the support of the family of a decedent for not exceeding six months after his death, is limited, as to its duration, not by the time when *the will directs* a payment to be made to the widow, which, if made, she could use for such support, but by the time when "such support can otherwise be provided for, . . . having regard to the situation of the family and the value and circumstances of the estate."

This clearly indicates to our minds that the statutory provision was intended to cover such a situation as that involved in this case, and to *require* an allowance to be decreed by the probate court for the support of the family of a testator, on a petition by his widow, whenever sufficient funds are not available in his estate for payment to her, *under the terms of the will,* of enough to provide for the support of herself and any dependent children, pending the settlement of the estate.

It is well settled by the authorities on the subject that under such a statute as the one involved in this case any part of the property of a decedent that is appropriated, under a decree of a probate court, for the support of his widow or family, is thereafter not considered to be assets of his estate available for the payment of indebtedness of the estate or for payment to any beneficiaries under the will of the decedent or to his next of kin or heirs. Counsel for the appellant executor said at the end of the hearing in the superior court in this case: "The authorities hold that the widow's allowance comes first of everything."

The above-quoted language of § 8 of the statute governing the instant case shows clearly that this rule must prevail in this state. See also 1 Woerner, American Law of Administration (3d ed. 1923) § 83. In other states there have been many cases in which, under statutory provisions that were no more favorable to widows and children of testators than the Rhode Island statutory provisions above

quoted, a result has been reached that is similar to the one sought by the appellee in the instant case.

One of these cases is *Collier* v. *Collier's Exec'rs,* 3 Ohio St. 369 (1854). There a testator in his will devised certain real estate to his wife, the complainant, absolutely and then, with the exception of that real estate, directed the executors to sell and convert into money all his real and personal property, "the one-third of which, after paying his debts, &c., he gave to the complainant 'in her own right, to her and her heirs forever, and to sell and dispose of, or use for her own benefit, in lieu of dower *and all other claims on my estate.'* " This quotation is from the language of the court. After his death without leaving issue, the appraisers of the personal property of his estate set off to his widow, in accordance with a statutory provision, property to the value of $524, for her support for a year; and within the time allowed by law she duly elected to take under the will.

One of the questions presented by the parties was stated by the court thus: "Is the widow entitled to retain, without account, the property set off for her year's support?" This question the court, at page 375, decided in the affirmative saying, *inter alia:* "We also think the widow entitled to her allowance for a year's support, notwithstanding her election to take under the will. . . . The allowance is designed for the support of herself and children during the year that the executor may retain all the assets of the estate, awaiting the presentation of debts against it, and while she has no power to compel him to pay over any legacy to her, however ample it may be. If there are children, they too have an interest in the provision, that ought not to be taken away by reason of any benefit secured to the widow alone by the will. Let it be granted that the husband intended to deprive the widow of this allowance, if she took under his will; still, as the law gave it to her, has the law anywhere given the husband power to take it from her, or to make it a condition upon which she may claim the property given to her by his will? We think not."

Another case in which a similar result was reached is *Peebles's Estate, Peebles's Appeal,* 157 Pa. 605. There it was held that a widow had a right to claim out of her deceased husband's estate the statutory exemption of $300, although by his will he had bequeathed to her $1000 and stated that this should be in lieu of her dower and also in lieu of the $300 to which she would be entitled under the widow's exemption statute and of every other interest which she might have in his estate, and she had notified the executor of her intention to take the legacy under the will. At page 609 the court quotes a sentence from the opinion of the court in *Compher* v. *Compher,* 25 Pa. 31 at 34, in which the same result was reached on the same ground; and beginning at the bottom of page 610 the court says, with reference to the widow: "Her election to take under the will did not in any manner interfere with her claim under the exemption law."

*In re Estate of Frick,* 192 Iowa 75, *Hill* v. *Kalamazoo Probate Judge,* 128 Mich. 77, and *Andros* v. *Flournoy,* 22 N. M. 582, are other cases favorable to the contention of the appellee in the instant case. Other cases to the same effect, which involve antenuptial agreements, are *In re Estate of Miller,* 143 Iowa 120, and *Pulling* v. *Durfee,* 85 Mich. 34.

Many authorities are cited by the attorneys for the appellant, in their two briefs, as supporting their contention based on the doctrine of election. We shall discuss only those on which these attorneys seem most to rely.

The first of these is *Matter of Westerbeke,* 143 N. Y. Misc. 221, affirmed in a brief syllabus in 236 N. Y. App. Div. 856, and again affirmed, by the court of appeals, in a memorandum in 262 N. Y. 466. The proceeding was an accounting by the testator's widow, as temporary administratrix during an unsuccessful contest over the validity of the will and a codicil thereto. The testator, by the codicil, had directed his executors to pay to her, from the income of his estate, $10 each week during her lifetime and then had added: "This provision is made in lieu of any dower rights

or interest she, the said Minnie Skinner Westerbeke may have in any portion of my estate."

The widow having elected to take, and apparently having been *receiving the benefits of*, this provision for her support made by the will, it was held that she could not also have certain property of his set off to her as widow, in accordance with a provision of the surrogate's court act. To our minds it seems clear that that case differs essentially from the instant one.

Another of these cases is *Estate of Lufkin*, 131 Cal. 291. Therein the court, at page 293, says: "The provision of the will in question is: 'I give, devise, and bequeath to my wife Lucy the sum of one thousand dollars ($1,000), on the *payment* of which one thousand dollars she relinquish all further claim to my estate.'" (italics ours) By other bequests the whole of the testator's estate was disposed of. The court held that the bequest was to be construed as conditional on the giving up by the widow of any statutory right to an allowance for her temporary support; and that she was thus put to her election between the two.

The court added: "As to the time the election is to be exercised the will is equally clear. It is to be exercised only 'on the payment' of the legacy. Until then the widow is entitled to the enjoyment of her statutory rights, and to the allowance made to her thereunder." It seems to us that that case does not give any support to the main contention of the appellant in the instant case.

Another case relied on as supporting that contention is *Langley* v. *Mayhew,* 107 Ind. 198. There John Langley had died leaving a will, executed only a few months before his death, in which he bequeathed to his wife $1500 and all his household furniture and also gave her the use, for her life, of certain land and the house thereon and then said: "The above and foregoing being in lieu of any and all interest in my estate, both real and personal, which she might have as my widow."

After the widow had received and receipted for all the personalty bequeathed to her and had taken possession of and was using the aforesaid real estate, and after the executrix had had her final account allowed and had been discharged, the widow brought proceedings to get her statutory widow's allowances for support. It was held that she was not, under the circumstances, entitled to any such allowance.

In view of the language of the court in its two opinions, original and on rehearing, and in view of the facts of the case, especially the fact that the widow had actually received and accepted the full benefit of the provisions made for her in the will, it seems clear to us that the case does not support the main contention for the appellant in the instant case.

Other cases strongly relied on by the appellant in the instant case are *Boord* v. *Boord,* 163 Ind. 307, and *Blakeman* v. *Blakeman,* 64 Minn. 315. But we find that in each of them the widow had not only given notice of an election to accept the benefits provided for her in her husband's will but had actually *received* them and later tried to get, in addition thereto, the allowance provided by statute for her temporary support. Therefore we cannot see that either of these cases is of any assistance to the appellant in the instant case, in which the appellee had not received any benefit from any provision for her in the will and it was, at the time of the trial in the superior court, at least very doubtful whether she ever would receive any such benefit.

After diligent search, we have found no case in which it was held that a widow could not get any allowance under a statute, for the support of herself and children, where she had given notice of her election to take under an inconsistent provision in her husband's will, but no funds in his estate were available, *under the will,* for her support during the time covered by the allowance made by the probate court.

After considering all the facts in evidence in this case and especially the extremely unfavorable financial condition of the estate and the want of evidence that the widow, when, through her attorney, she notified the appellant that she accepted the provisions of the will, had any notice of that condition of the estate, and after considering the question of law involved, we are of the opinion that she was not prevented, by giving such notice to the appellant, from applying to the probate court and obtaining a decree for an allowance for the support of herself and her children for the first six months after the testator's death.

Since the decision of the trial justice in the superior court was rested solely on the ground that she was thus prevented from obtaining such an allowance, we are of the opinion that the exception of the appellee to the decision of the trial justice of the superior court, denying her petition for an allowance, should be sustained.

In arriving at this conclusion, we have not found it necessary to decide and do not decide the contention, made on behalf of the appellee, that she is entitled to receive both the statutory allowance and the full provision made for her support by the will, if funds should later become available therefor.

Only the appellant appealed from the decree of the probate court making the allowance to the appellee; and the appellant in its reasons of appeal did not assert that the amount allowed by that decree was excessive. Therefore and because the facts of this case are not in dispute and the vital question seems to us to be purely one of law, we are inclined to the opinion that this case should be remitted to the superior court for the entry of a decision and decree in conformity with the decree of the probate court from which this appeal was taken.

The appellee's exception is sustained. The appellant, on June 1, 1942, may appear and show cause, if any it has, why the case should not be remitted to the superior court with

direction to enter a decree affirming the decree of the probate court from which this appeal was taken.

*Huddy & Moulton, Stanley H. Smith, Jr., Bruce M. Docherty,* for appellant.

*Voigt, Wright & Clason, Ernst T. Voigt,* for appellee.