IN RE ESTATE OF JOHN A. OWENS, also known as JOHN ANDREW OWENS, deceased.

EFFIE L. OWENS, appellee, v. IDA MAE REYNOLDS, appellant, and JOHN C. FISCHER et al., defendants.

No. 48747.

(Reported in 71 N.W.2d 444)

JULY 27, 1955.

Thomas L. Woods and William M. Dallas, both of Cedar Rapids, for appellant,

1224

Robert E. Ford, Crissman & Bleakley and David G. Bleakley, all of Cedar Rapids, for appellee.

MULRONEY, J.—Effie L. Owens made application for admeasurement of her distributive share in her deceased husband's estate. After the court held she was entitled to her one-third distributive share referees were appointed to "proceed * * * to admeasure and set off from said real estate and personal property the one third in value of all of said real estate and personal property." The referees reported three parcels of realty of the total value of $93,110 and parcel A, an 87-acre farm formerly occupied by decedent and now occupied by Effie L. Owens, was valued at $29,240. The referees reported the value of the home farm, or parcel A, was so close to the value of one third of all realty that they set this off to the widow and recommended $1796.67, necessary to give her a complete third, be made up from the personal property.

Ida Mae Reynolds, a daughter of decedent, filed objections to the confirmation of the referees' report. Insofar as this appeal is concerned it is well to state she does not now object to the setting aside to the widow of parcel A or the awarding to her of $1796.67. In the filed objections as amended the daughter asserted there were rentals received and accrued from the realty earned subsequent to the death of decedent which were required to be taken into account in setting off the distributive share of the widow. She asserted both she and the widow had received portions of the rentals. Upon motion by the widow the trial court struck all allegations raising the issue of rental accounting on the ground the issue was immaterial and not properly joinable to the issue before the court of whether the referees' report should be confirmed or rejected. Subsequently, on November 10, 1954, the trial court rendered its decision confirming the referees' report and ordering the payment of $1796.67 to the widow to be made from the personal property in the estate. In the course of its decision the trial court found the widow was entitled to the rentals from the homestead forty acres from the date of decedent's death, and the decision goes on to state: "She is also entitled to one third of the net rentals of the remaining

land during the period from the date of the death of the decedent to this date."

I.   This appeal by the daughter is confined to the specific portion of the trial court's decision quoted above. The daughter argues this portion of the trial court's decision where it rules the widow is entitled to one third of the rentals was not within the issues. The daughter points out she tried to tender this issue but it was stricken on the motion filed by the mother. The stricken pleading did not question the widow's right to one third of the rentals. It sought an accounting, and charging to each, portions of rentals received and balancing judgments to dispose of the rentals between the widow and all of the heirs, including the children of a deceased daughter of decedent. The daughter, in her brief filed here, admits it is the law that the widow shall receive one third of the rentals. She states: "At no time during the course of the proceedings from which the appeal is taken did the appellant question the right of appellee to one third of the rentals which accrued subsequent to the death of John A. Owens."

With everyone agreed the widow has a right to one third of the subsequently accrued rentals it is a little hard to see the reason for the appeal from that recitation in a decision that says she has such right. This seems to be the rather labored argument advanced by appellant. She interprets this portion of the trial court's decision as meaning the widow will be allowed further proceedings to determine the amount of the subsequently accrued rentals and when that amount is determined one third thereof will be awarded the widow. As so interpreted, she argues it is error, for the widow moved to strike the rental accounting issue and her motion was sustained and this means "she is barred and estopped from subsequently litigating or asserting any rights to such rentals." She asserts to hold otherwise would permit the widow to split her cause of action and submit the daughter to a multiplicity of suits.

The hearing at which the daughter tried to inject a rental accounting issue was for the purpose of accepting or rejecting the referees' report. The referees correctly made division of the realty and personalty "possessed by the husband"

when he died. Section 636.5, Code, 1954. The referees had nothing to do with the rentals which accrued after the death of decedent. Immediately upon the death of decedent the widow and heirs became vested as tenants-in-common owners of the realty with the widow receiving a one-third interest, entitling her to one third of the rents as they accrue. Crouse v. Crouse, 219 Iowa 736, 259 N.W. 443. Section 636.13, Code, 1954, provides that at the hearing on the referees' report the court may "confirm the report, or set it aside and refer the matter to the same or other referees, at its discretion." That hearing was not a proper time for the rental accounting for subsequently accrued rentals. If appellant is right in her contention that the rental accounting issue should be decided in these proceedings then the trial court was right in deferring the rental accounting to a time after the determination of whether the referees' report should be accepted or rejected. Since the daughter ultimately had no objections to the referees' report it was approved and the court was correct in saying the rental accounting would then follow. It is no splitting of causes of action and the daughter is not being subjected to a multiplicity of suits when an accounting issue is deferred until after the determination of a prior issue. If appellant is wrong in her contention that the rental accounting issue has no place in these special proceedings, then no harm was done by a recitation in the decision which appellant concedes is correct law. The trial court probably thought it was not beyond the realm of speculation that there need be no further litigation. Since the parties agree the widow is entitled to one third of the rents, they might possibly agree as to the figure that is to be divided by three. There was no error.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, and LARSON, JJ., concur.